Action on a fidelity blanket position bond by Edward Parkinson and Cummins Diesel Sales of Jacksonville, Inc., a Florida corporation, against the Indemnity Insurance Company of North America, a corporation. From a judgment for the plaintiffs, the defendant appeals.
Judgment reversed.
We have before us for consideration an appeal from a judgment in favor of the plaintiff below (appellee here) in the amount of $5,000.00 plus interest on a Fidelity Blanket Position Bond written by the appellant. The term of this bond began July 1, 1943, at which time payment of the first annual premium in the sum of $93.44 was made. Before the expiration of twelve months from the inception of the bond a loss within the scope of the bond was sustained in excess of $5,000.00. Such loss was not discovered until after payment of a second annual premium, in like amount, and within the two year discovery period provided by said bond. During the second year of said bond another loss in excess of $5,000.00 was sustained by the appellees. The loss resulted from the defalcations of one employee. Appellant paid $5,000.00 which covered the loss occasioned the appellees during the first year of the *Page 54 
bond's existence. The judgment secured by the appellees in the instant action was predicated upon the loss which was borne during the second year.
The questions presented for determination by this Court are:
1st. "Under the terms and conditions of the Fidelity Bond sued upon, was the defendant's maximum liability to the plaintiffs for their loss in the two annual terms restricted to a total of $5,000.00 or was the defendant's maximum liability to be in the amount of $5,000.00 for the first year and $5,000.00 for the second year?"
2nd. "Where defendant files a demurrer to a declaration which is overruled and within the time allowed to file pleas the defendant files a declination to plead, signifying his intention to stand on the demurrer to the declaration, should the court enter a default against the defendant for failure to plead?"
3rd. Did the Circuit Judge err in refusing to allow attorneys' fees to counsel for appellees, plaintiff below?
The bond sued upon contained the following pertinent provisions:
 "Term of Bond
1. That the term of this bond begins with the 1st day of July, 1943, standard time at the address of the Insured above given, and ends at 12 o'clock night, standard time as aforesaid on the effective date of the cancellation of this bond and the payment of annual premiums during such term shall not render the amount of this bond cumulative from year to year."
 Joint Insured
"2a. That regardless of the number of years this bond shall continue in force and of the number of those covered hereunder as Insured, liability hereunder on account of any Employee shall not exceed in the aggregate the amount carried under this bond on such Employee."
Appellant contends that the portion of the above quoted provision of the bond which reads "the payment of annual premiums during such term shall not render the amount of this bond cumulative from year to year", should be construed to mean that if a loss is sustained, as here, during the first year of the life of the bond but not discovered until the second year or any time within the two year discovery period provided for in the bond, appellant is not liable for any loss sustained in any year subsequent to the first year if it paid the full amount of the face of the bond, to-wit, $5,000.00, on the loss which occurred during the first year the bond was in effect. The argument of counsel for appellant revolves around the proper construction to be given the word "cumulative".
On the other hand, appellees contend that the liability of the appellant is $5,000.00 during each year for which an annual premium is paid. It is the appellee's thought that the word "cumulative" simply means that if there be no loss during the first year then the amount of liability in the second year should not be $10,000.00 for that period of time and if there be no loss in the first or second year the liability should not be $15,000.00 during the third year-ad infinitum. Exhaustive briefs have been filed in an attempt to sustain the position taken by each litigant.
Although we find the question of the construction of the foregoing provision of the bond interesting, and novel insofar as this jurisdiction is concerned, its determination is not controlling in this case. Consequently, we refrain from expressing our views with reference to it.
Question number 1 hereinbefore stated turns upon a proper construction of the provision of the bond which reads as follows:
 "Joint Insured.
2a. That regardless of the number of years this bond shallcontinue in force and of the number of those covered hereunder as Insured, liability hereunder on account of any Employee
shall not exceed in the aggregate the amount carried under thisbond on such Employee." (Italics supplied.)
The losses suffered by appellees in both the first and second years of the bond were due to the defaults of but one employee. It is obvious that the proviso just above quoted is applicable and, regardless of all other provisions of the indemnity bond, the appellant is not liable for an amount greater *Page 55 
than $5,000.00 when the losses are due to the shortages of a single employee. The bond fixes the amount carried under it on each employee at $5,000.00. For the sake of clarity, we quote from the bond the following language: "* * * the amount of indemnity on each of such Employees being Five Thousand and 00/100 — — — Dollars ($5,000.00)". These stipulations in the contract of the parties are crystal clear and it is not for the courts to rewrite them.
With reference to the second question, it is deemed sufficient to say that if error was committed by the lower court when it entered a default against the defendant below for failure to plea, such obliquity was harmless.
The determination of the question of whether the Circuit Judge committed error in refusing to allow attorneys' fees to counsel for appellees becomes immaterial, since our judgment is one of reversal.
Final judgment rendered in the court below in favor of appellees should be and it is hereby reversed.
THOMAS, C.J., and ADAMS and BARNS, JJ., concur.