365 So.2d 1030 (1978)
CITY OF MIAMI SPRINGS, Appellant,
v.
TRAVELERS INDEMNITY COMPANY, Appellee.
No. 77-2398.
District Court of Appeal of Florida, Third District.
November 28, 1978.
Rehearing Denied January 22, 1979.
Weintraub & Weintraub and Albert L. Weintraub, Miami, for appellant.
Joseph A. McGowan, Miami, for appellee.
Before PEARSON, BARKDULL and KEHOE, JJ.
BARKDULL, Judge.
This appeal concerns whether the appellant City had causes of action on insurance issued by the appellee.
The City was issued an "institutional package policy" by the appellee which provided, among other things, coverage for misappropriations by employees. The limit of liability was $10,000.00 and the policy was good for twelve months, ending April 1, 1975. During the period the policy was in force, unknown to the City, an employee misappropriated negotiable instruments totalling in excess of $10,000.00. The City asked for bids and again insured with Travelers Indemnity Company under a renewal policy for the insurable year commencing April 1, 1975 and ending April 1, 1976. While this renewal policy was in effect, the same employee again without notice to the City misappropriated additional negotiable instruments in excess of $10,000.00.
When the misappropriation was discovered, the City filed claims and satisfied all conditions precedent as to each of the policies, and filed proofs of loss for each of the misappropriations during each of the policy periods. Although the City demanded payment from Travelers, it has only tendered a check in the amount of $10,000.00 as total payment for all claims under both policies.
The City then filed this suit for its claims under the two policies for the separate losses it sustained. The complaint consisted of three counts, one count for each loss and a third count alleging that the appellee's *1031 tender of only $10,000.00 in payment of all claims under both policies constituted a willful refusal of the appellee to pay under the terms of each of the policies.
The appellee moved to dismiss the amended complaint, on the grounds that it failed to state a cause of action. Travelers maintained that the policies sued upon were a "single policy renewed from year to year" and that the limit of liability available to the City was, in total, $10,000.00 which sum was tendered to the City. The trial court granted the motion to dismiss and this appeal followed. We reverse as to the dismissal of Counts I and II.
Counts I and II of the amended complaint allege separate causes of action on each policy of insurance issued by the appellee. Each policy became effective and then terminated on the specific date set forth. This type of policy should be distinguished from a fidelity bond, the term of which begins on a certain date and continues in force over a period of years, but the premium is paid each year.[1] Here, each of the policies contain a clause which provide:
* * * * * *
"Regardless of the number of years Section V shall continue in force and the number of premiums which shall be payable or paid, the limit of the Travelers liability as specified in the Section V Declarations shall not be cumulative from year to year or period to period."
* * * * * *
As the Eighth Circuit Court of Appeals has held, in Globe Indemnity Co. v. Wolcott & Lincoln Inc., 152 F.2d 545 (8th Cir.1945), that specific language stating that liability under two identical consecutive bonds shall not be cumulative, does not allow the insurer to avoid liability for losses incurred during each policy period. The court stated that:
* * * * * *
"* * * There is no substantial basis for assuming that the appellant intended that the insured should have less coverage during the first year the second bond was in effect than the insured had had during the first year after the first bond was written, or less coverage than its premium payments would purchase. A full premium upon the first bond was paid for each of the bonds. No unearned premium upon the first bond was returned at the time the second bond was written."
* * * * * *
It has been held that despite specific language in three successive fidelity bonds, expressly terminating or cancelling the bond previously in effect and despite a limitation clause on cumulative liability, the insurer would still be liable on all three bonds for defalcations committed by an employee of the insured during the term of each bond. White Dairy Company v. St. Paul Fire and Marine Insurance Company, 222 F. Supp. 1014 (U.S. District Court, N.D. Ala.S.D. 1963). The court, in the cited case, gave an explicit example of what was meant by cumulative liability when it stated:
* * * * * *
"* * * assume that the coverage afforded the plaintiff as to Mrs. Chandler in 1958 was $2,500, in 1959, $10,000 and in 1960, $10,000, and that she embezzled the sum of $5,000 in 1958, the sum of $15,000 in 1959 and the sum of $2,500 in 1960. The limitation against cumulative liability under the 1960 bond, if it is not meaningless, would prevent the carry forward of the excess of $2,500 for 1958, and that of $5,000 for 1959 and the aggregation of such amounts with the 1960 loss to claim the full penalty of the 1960 bond. Under the assumed facts the total liability of defendant under its separate and distinct obligations would be $15,000 and not $22,500.
"The foregoing construction achieves the identical result which would have obtained *1032 had plaintiff placed its fidelity insurance with separate and independent insurers for each of these three years."
* * * * * *
The fact that the insured had rebid its insurance coverage was considered of great significance in the White case, as the court stated:
* * * * * *
"The fact that the Plaintiff carefully reviewed its entire insurance program in the fall of each year and received at least one other bid for a fidelity bond from another insurer, the logic of inferring that defendant employed the critical language of the condition to deter the insured from changing companies from year to year (see: Michigan Law Review, 442, 447; Buffalo Law Review 186) and the intention of the parties drawn from the four corners of the instrument combine to support the court's construction."
* * * * * *
In Krey Packing Co. v. Employers' Liability Assur. Corporation of London, England, 127 S.W.2d 780 (Mo. App. 1939), it was held that a fidelity bond for a one year term and a certificate continuing the bond for another year constituted two separate contracts and not a mere continuation of the original bond.
* * * * * *
"The rule generally recognized is that a renewal of a fidelity policy or bond constitutes a separate and distinct contract for the period of time covered by such renewal unless it appears to be the intention of the parties as evidenced by the provisions thereof that such policy or bond and the renewal thereof shall constitute one continuous contract. * * *" Krey Packing, supra.
* * * * * *
We hold that the City pleaded a good cause of action in Counts I and II. We find no merit in the appellant's contention that the trial judge erred in dismissing the third count of the complaint. See: Griffith v. Shamrock Village, 94 So.2d 854 (Fla. 1957); Associated Heavy Equipment Schools, Inc. v. Masiello, 219 So.2d 465 (Fla. 3d DCA 1969); Baxter v. Royal Indemnity Company, 285 So.2d 652 (Fla. 1st DCA 1973); American International Land Corporation v. Hanna, 323 So.2d 567 (Fla. 1976); Butchikas v. Travelers Indemnity Company, 343 So.2d 816 (Fla. 1977).
Therefore, the order dismissing Counts I and II of the complaint be and the same is hereby reversed, and the order dismissing Count III be and the same is hereby affirmed, and the matter is returned to the trial court for further proceedings consistent herewith.
Affirmed in part; reversed in part, with directions.
NOTES
[1] See and compare: Indemnity Ins. Co. of North America v. Parkinson, 38 So.2d 53 (Fla. 1949).