605 So.2d 951 (1992)
In re ESTATE OF Albert SHORE, Deceased.
Nos. 91-2301 and 91-2302.
District Court of Appeal of Florida, Fourth District.
September 30, 1992.
Rehearing, Rehearing and Certification Denied November 9, 1992.
Cynthia L. Greene of the Law Offices of Elser, Greene & Hodor, Miami, for appellant/cross appellees-Beatrice Shore.
Peter A. Sachs of Jones, Foster, Johnston & Stubbs, P.A., West Palm Beach, for appellees/cross appellant-N. Barrie Shore and Marjorie Gilbert.
Rehearing, Rehearing En Banc and Certification Denied November 9, 1992.
PER CURIAM.
We affirm all issues on appeal and cross appeal, and write only to address the issue of substituted agreements.
The appellant, Beatrice Shore, the decedent's wife, argues that the trial court erred in reviving the prenuptial agreement after concluding that the postnuptial agreement was invalid due to the decedent's failure to make a financial disclosure pursuant to section 732.702(2), Florida Statutes (1989). The trial court, however, found that the postnuptial agreement was a substituted agreement for the prenuptial agreement and stated "when a substituted agreement is found to be invalid, the prior agreement ordinarily becomes once again enforceable." We agree.
When parties intend a new contract to replace all of the provisions of an earlier contract, the new contract is a substituted contract. See Sans Souci v. Division of Florida Land, 421 So.2d 623, 630 (Fla. 1st DCA 1982). If a substituted contract is voidable, the earlier contract becomes enforceable. The Restatement Second of Contracts § 279 states:
to the extent that the substituted contract is vulnerable on such grounds as mistake, misrepresentation, duress or unconscionability, *952 recourse may be had on the original duty. Thus, if the substituted contract is voidable, it discharges the original duty until avoidance, but on avoidance of the substituted contract the original duty is again enforceable.
Likewise, Corbin on Contracts § 1293 provides that
the substituted contract may itself be voidable for fraud, infancy, or other reasons; and if the power of avoidance is exercised, the avoided contract is nullified both as an executory accord and as a discharge. The prior claim then becomes enforceable.
In the case at bar, the postnuptial agreement was intended to replace the prenuptial agreement. If the postnuptial agreement had been valid, the original obligation under the prenuptial agreement would have been discharged. Yet, the postnuptial agreement was invalid because neither party made a financial disclosure pursuant to section 732.702(2). Therefore, the rights under the prenuptial agreement were not extinguished. See City Bank & Trust Co. v. New Iberia Hotel Partners, 486 So.2d 1201, 1204 (La. App. 3d Cir.1986); Spellman v. Ruhde, 28 Wis.2d 599, 137 N.W.2d 425, 428 (1965). Accordingly, we affirm.
AFFIRMED.
DOWNEY, GUNTHER and POLEN, JJ., concur.