660 So.2d 1136 (1995)
RELIANCE INSURANCE COMPANY, Appellant,
v.
TREASURE COAST TRAVEL AGENCY, INC., Appellee.
Nos. 94-0264, 94-0907.
District Court of Appeal of Florida, Fourth District.
September 6, 1995.
Rehearing Denied October 17, 1995.
Bruce C. King of Popham, Haik, Schnobrich & Kaufman, Ltd., Miami, for appellant.
Alan C. Polackwich, Sr., of Clem, Polackwich & Vocelle, Vero Beach, for appellee.

ON MOTION FOR REHEARING
KLEIN, Judge.
We grant appellee's motion for rehearing and substitute the following opinion for the opinion filed June 7, 1995.
*1137 Reliance Insurance Company appeals a summary judgment determining that there was coverage under each of its four consecutive policies for losses resulting from one employee's embezzlements which occurred over the four year period. The policies involved are comprehensive insurance policies which contain coverage for employee dishonesty. Because this loss was only one "occurrence" under the policies, for which recovery can be had under only one of the policies, we reverse.
Although the employee's embezzlements in this case began in 1986, the insured did not discover them until March of 1991. A "Discovery Period for Loss" provision under General Conditions, states:
We will pay only for covered loss discovered no later than one year from the end of the policy period.
This provision limits this loss to the two policies issued in February 1990 and February 1991, and precludes recovery under the two earlier policies. Other provisions limit the recovery to only one of the 1990 and 1991 policies.
In the Employee Dishonesty Coverage Form A, the policies provide:
B. Limit of Insurance
The most we will pay for loss in any one "occurrence" is the applicable Limit of Insurance shown in the Declarations.
The definition of occurrence is:
"Occurrence" means all loss caused by, or involving, one or more "employees," whether the result of a single act or series of acts.
Accordingly, although this employee's embezzlements occurred over a four year period, they constitute a single occurrence. See Business Interiors, Inc. v. Aetna Casualty and Sur. Co., 751 F.2d 361 (10th Cir.1984).
In the General Conditions section, the policies provide:
9. Loss Covered Under This Insurance and Prior Insurance Issued by Us or Any Affiliate
If any loss is covered:
a. Partly by this insurance; and
b. Partly by any prior cancelled or terminated insurance that we or any affiliate had issued to you or any predecessor in interest;
The most we will pay is the larger of the amount recoverable under this insurance or the prior insurance.
10. Non-Cumulation of Limit of Insurance
Regardless of the number of years this insurance remains in force or the number of premiums paid, no Limit of Insurance cumulates from year to year or period to period.
The above provisions purport to limit coverage to one of the 1990 and 1991 policies, whichever has the higher limits. Both policies contain limits of $25,000 for this occurrence.
The insured relies heavily on City of Miami Springs v. Travelers Indem. Co., 365 So.2d 1030 (Fla. 3d DCA 1978), cert. denied, 376 So.2d 77 (Fla. 1979), in which the court did not give effect to a non-cumulative clause similar to general condition no. 10 in the present case. That case is distinguishable, however, because the policy in that case apparently did not contain general condition 9, which makes it clear that there can be recovery under only one of the policies.
Similarly, while some courts in other jurisdictions have held that a non-cumulative clause like condition no. 10 is insufficient to restrict coverage to one policy, the policies in those cases apparently did not include general condition no. 9. See, e.g., Penalosa Co-Op Exch. v. Farmland Mut. Ins., 14 Kan. App. 2d 321, 789 P.2d 1196 (1990); Cincinnati Ins. Co. v. Hopkins Sporting Goods, Inc., 522 N.W.2d 837 (Iowa 1994); Columbia Heights Motors, Inc. v. Allstate Ins. Co., 275 N.W.2d 32 (Minn. 1979). In Graphic Arts Mutual Insurance Co. v. C.W. Warthen Co., 240 Va. 457, 397 S.E.2d 876 (1990), in which the embezzlement also occurred over a number of years, the Virginia Supreme Court found the non-cumulative provision to be clear and gave it effect, limiting recovery to one of the policies.
If these policies only contained condition no. 10, and not condition no. 9, we might well *1138 be inclined to follow the courts which have held it insufficient to restrict coverage to one of the policies. In light of general condition no. 9, however, we think that this insurer has accomplished what insurers with non-cumulative provisions alone apparently intended,[1] but failed to state with sufficient clarity to be given effect by the majority of courts which have construed it.
We therefore reverse and remand for further proceedings consistent with our conclusion that the insured is only entitled to recover the $25,000 limits under one of the policies. It does not appear that the insurer has contested its liability for that amount; however, we cannot determine from this record whether the insured would be entitled to attorney's fees or interest, and leave those matters to the trial court. The court's award of prejudgment interest from the date of loss, however, was improper, since an insurer is not liable for interest on a loss until it becomes obligated to pay. Lumbermens Mut. Casualty Co. v. Percefull, 638 So.2d 1026 (Fla. 4th DCA 1994), decision approved, 653 So.2d 389 (Fla. 1995).
Reversed.
STONE, J., concurs.
POLEN, J., dissents with opinion.
POLEN, Judge, dissenting.
I agree with that part of the majority's reversal of the summary judgment to the extent that it was error to find coverage and award damages for all four years of the insurance coverage. However, I would hold that there is coverage available to appellee for both policies covering the period of February 1990 to February 1992 for a total of $50,000  not $25,000. Miami Springs v. Travelers Indem. Co., 365 So.2d 1030 (Fla. 3d DCA 1978). I also agree with the majority's disposition as to entitlement to prejudgment interest.
NOTES
[1] See Penalosa, 789 P.2d at 1200 and Hopkins, 522 N.W.2d at 839.