STONE, J.
We reverse the summary final judgment in favor of Paul Revere Life Insurance Company (Paul Revere).
This case involves two successive income protection policies issued in 1989 and 1991, respectively. On March 1, 1989, Paul Revere issued a policy of disability insurance (1989 policy) to Gregory L. Spatz (insured) which provided benefits of approximately $3,100.00 per month for total disability. On January 25, 1991, the insured applied for increased disability benefits (1991 policy) of $10,000.00 per month and for partial or residual disability benefits. The policy was referred to by Paul Revere as a “makeover” policy because it was to replace the existing 1989 policy.
The medical portion of the application, including a required health history and paramedical exam, was submitted on February 11, 1991. Therein, the insured disclosed that he had been hospitalized on January 2, 1991, for a 23-hour observation period following complaints of lower abdominal pain and low grade fever. The insured was diagnosed with diverticulitis, an infection of the diverticula. After the application was submitted, the insured continued to experience persistent symptoms of diverticulitis. In March 1991, he was admitted to North Beach Hospital with a diagnosis of perforated diverticulitis, pelvic abscess, and enterocolic fistula and underwent abdominal surgery.
It is unclear whether the insured informed Paul Revere of his changed medical condition and hospitalization. There is evidence that the agent for the insured, who had a broker’s agreement with Paul Revere, visited the insured in the hospital. There is further evidence that the agent informed Paul Revere of the insured’s hospitalization, although the communication may not have specified whether the agent was referring to the January or March hospitalization. Paul Revere denies receiving such notice.
The insured’s application was subsequently approved and the policy was delivered on or about April 15, 1991. On January 25, 1993, the insured submitted a statement of claim indicating that he was disabled as of March 14, 1991, and had suffered a substantial loss of income. On August 27, 1993, a second claim was submitted, indicating a new disability commencement date of January 2, 1991. On November 15, 1993, Paul Revere notified the insured that it was going to rescind the 1991 policy because he violated the good health clause found in the application. The good health clause provides:
The insurance applied for will not take effect unless the issuance and delivery of the policy and payment of the first premium occur while the health of the Proposed Insured remains as stated in the Application. The only exception to this is the insurance provided in the Conditional Receipt detached herefrom and issued if at least the Minimum Deposit is made with the Application.
Paul Revere explained that the insured had suffered a change in health between the time the application was completed and the date the policy was issued and delivered. Paul Revere then informed the insured that it intended to return the difference between the premium payments under the 1989 and 1991 policies and administer his claim under the 1989 policy.
Thereafter, Paul Revere filed an action for rescission. The complaint asserted that the 1991 policy should be rescinded for the following reasons: (1) the insured’s health did not remain as stated on the application; and (2) the application contained material misrepresentations. The insured counterclaimed, asserting that he was entitled to contractual benefits. The insured included claims for bad faith, *1139 breach of contract, fraud, and misrepresentation.
Paul Revere moved for summary judgment, arguing that the 1991 policy is void due to the insured’s failure to update his application and inform Paul Revere of his substantial change in health prior to the policy inception. Paul Revere also asserted that upon rescission of the 1991 policy, the 1989 policy was extinguished under the doctrine of merger.
The insured then moved for partial summary judgment, arguing that Paul Revere could not contest the validity of the 1991 policy because it did not do so within two years of the issue date. The insured argued that pursuant to the incontestability clause contained in the 1991 policy, Paul Revere was estopped from contesting the statements in his application. The incontestability clause provides:
a. After your policy has been in force for 2 years, excluding any time You are Disabled, We cannot contest the statements in the application.
b. No claim for loss incurred or Disability that starts after two years from the Date of Issue will be reduced or denied because a sickness or physical condition not excluded by name or specific description before the date of loss had existed before the Date of Issue.
The trial court concluded that the 1991 policy never took effect because the insured suffered a change in health between the time the application was completed and the date the policy was issued and delivered. The court also concluded that Paul Revere was entitled to rescind the 1991 policy because the insured made material misrepresentations in his application for increased coverage. Finally, the court determined that the execution of the 1991 policy constituted a novation which extinguished Paul Revere’s obligation under the 1989 policy.
We reverse because genuine issues of material fact exist as to whether Paul Revere was put on actual or constructive notice of the insured’s change in health. See Holl v. Talcott, 191 So.2d 40 (Fla.1966). Further, there is a factual dispute as to the periods of time that the insured was disabled for purposes of tolling the incontestability clause. We note that neither party disputes that the contestable period may be tolled during the insured’s period of disability.
Without commenting on the validity of the 1991 policy, we conclude that it was error to determine that the 1991 policy extinguished Paul Revere’s obligation under the 1989 policy. This court addressed this issue, albeit in a different context, in In re Estate of Shore, 605 So.2d 951 (Fla. 4th DCA 1992), where a prenuptial agreement was revived after the parties’ post-nuptial agreement was invalidated. In reaching this decision, this court held: “If a substituted contract is voidable, the earlier contract becomes enforceable.” Id. at 951; see also Indiana Flooring Co. v. Grand Rapids Trust Co., 20 F.2d 63, 65 (6th Cir.1927)(“It is undoubtedly the law that, if a void or voidable contract is substituted for a valid preexisting obligation, and the substituted contract is later rescinded, because void or voidable, the pre-existing valid contract is restored, as if nothing had happened.”).
Here, it is undisputed that the 1991 policy was intended to replace the 1989 policy. Therefore, if the trial court determines that the 1991 policy is void, the 1989 policy will be reinstated, thereby entitling the insured to coverage. See, e.g., Travelers Ins. Co. v. Carey, 24 Mich.App. 207, 180 N.W.2d 68 (1970)(reinstating the earlier valid insurance policy after the latter substituted insurance policy was rescinded due to the insured’s material misrepresentations).
There is also an issue whether Paul Revere would be liable for prejudgment interest from the date of loss. This court addressed this issue in Reliance Ins. Co. v. Treasure Coast Travel Agency, Inc., 660 So.2d 1136 (Fla. 4th DCA 1995), and held *1140 that “an insurer is not liable for interest on a loss until it becomes obligated to pay.” Id. at 1138.
We note that the Restatement (Second) of Contracts § 279 supports a conclusion that Paul Revere would not become obligated to make payments under the 1989 policy until the 1991 policy is found to be void. Section 279 provides in pertinent part:
to the extent that the substituted contract is vulnerable on such grounds as mistake, misrepresentation, duress or unconscionability, recourse may be had on the original duty. Thus, if the substituted contract is voidable, it discharges the original duty until avoidance, but on avoidance of the substituted contract the original duty is again enforceable.
Restatement (Second) of Contracts § 279 cmt. b (1979)(emphasis added). Likewise, Corbin on Contracts § 1298 provides: “[T]he substituted contract may itself be voidable for fraud, infancy, or other reasons; and if the power of avoidance is exercised, the avoided contract is nullified both as an executory contract and as a discharge. The prior claim, then becomes enforceable.” 6 Corbin on Contracts § 1293 at 196 (1962)(emphasis added). Therefore, if the trial court determines that the 1991 policy is void and the 1989 policy is enforceable, the insured would not be entitled to prejudgment interest from the date of loss.
Accordingly, we reverse and remand this cause to the trial court for further proceedings.
WARNER, C.J. and COX, CYNTHIA, Associate Judge, concur.