PER CURIAM.
In consolidated appeals arising from an action seeking declaration of insurance coverage, the defendant/insurer appeals an adverse final judgment, and the plain *1351 tiffs/insureds appeal the denial of their motion to tax attorney’s fees. Because we reverse the final judgment establishing coverage, the appeal of the attorney’s fees issue is now moot. The relevant facts follow.
Charles and Nereida Ortiz (Insureds) had been insured with State Farm Fire and Casualty Company (Insurer) since 1959 through State Farm agent Hausheer. In 1974, Insureds bought a Success Protector personal liability umbrella policy. This policy consisted of Part A, a liability policy with a $1 million limit, and Part B, a medical expense policy which, when purchased, had a $15,000 medical limit but which, at the time of the suit, had a $100,000 limit. Insureds admit that they did not read the application prior to signing, nor did they ever read the policy or any of the declaration sheets which they received over the years they were insured with Insurer. Insureds also do not dispute that the medical expense policy, by its terms, never offered $1 million in coverage. The parties do, however, dispute whether the agent represented, that Part B of the Success Protector Policy provided a $1 million limit. When Mrs. Ortiz was rendered a quadriplegic in 1984, Insurer paid only $100,000 in medical benefits. Insureds thereafter brought suit seeking a declaration that the medical benefits limit was co-extensive with that of the liability policy, to wit: $1 million.
The case went to trial on the issue of promissory estoppel. At trial, the Insureds presented their evidence concerning the alleged misrepresentation regarding the limits of the medical benefits policy and, furthermore, of their reliance thereon. They also presented expert testimony to the effect that, in 1974, there were policies available in the marketplace which offered more coverage than Insureds had. Insureds’ expert also testified, however, that no insurer was offering $1 million medical expense policies in 1974, and that such policies were not available until the mid-1980’s, at which time only one insurer was offering such policies, and that offering contingent upon submission of satisfactory evidence of in-surability and approval by the insurer. Insureds did not present any evidence, however, that they had submitted any applications for such a policy that they were insurable, or that they had been accepted for coverage by that insurer. The jury found in favor of Insureds, determining that Insurer was estopped from claiming the $100,000 medical expense limitation. The trial court denied Insurer’s post-trial motions for new trial and for judgment in accordance with its earlier motion for directed verdict. Insureds’ motion to tax attorney’s fees was also denied. Insurer appeals the adverse final judgment and Insureds appeal the denial of their motion to tax attorney’s fees.
In Crown Life Insurance Co. v. McBride, 517 So.2d 660, 662 (Fla.1987), which we find controlling, the Florida Supreme Court found “that the form of equitable estoppel known as promissory es-toppel may be utilized to create insurance coverage where to refuse to do so would sanction fraud or other injustice.”
Accepting, arguendo, the Insureds’ position that Insurer’s agent represented that the medical expense policy had a $1 million limit and, furthermore, that the Insureds relied upon this representation, the fact remains that the record does not reflect any evidence that the Insureds detrimentally relied upon this representation, as Crown Life requires. While Insureds contend that one other insurer was writing $1 million medical expense policies, Insureds have failed to place in evidence any proof that they would have, or even that they could have, qualified for and secured such coverage. Thus, as in Crown Life, Insureds have failed to meet their burden of proving their detrimental reliance upon Insurer’s alleged representations.
Accordingly, we reverse the final judgment entered below with instructions to enter judgment for Insurer. Inasmuch as Insureds are no longer the prevailing party below, the issue of attorney’s fees is now moot.
*1352 Reversed and remanded, with instructions.