614 So.2d 498 (1993)
Denise ALVARADO, Petitioner,
v.
Martin M. RICE, et al., Respondents.
No. 79635.
Supreme Court of Florida.
March 4, 1993.
*499 Mark R. McCollem of Chidnese & McCollem, Fort Lauderdale, for petitioner.
Michael D. Gelety of the Law Offices of DeCresare & Salerno, Fort Lauderdale, for respondents.
HARDING, Justice.
We have for review Alvarado v. Rice, 594 So.2d 867 (Fla. 4th DCA 1992), in which the Fourth District Court of Appeal certified the following to be a question of great public importance:
IS A CLAIMANT IN A PERSONAL INJURY ACTION ENTITLED TO INTEREST ON PAST MEDICAL EXPENSES?
Id. at 868. We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution, and approve the decision below.
Denise Alvarado sued Martin Rice for negligence and for personal injuries which she suffered in a motor vehicle accident. The jury returned a verdict for Alvarado in the amount of $65,987.63. This amount was reduced by 30%, the amount of Alvarado's comparative fault, and Final Judgment was entered in the amount of $46,191.34. Rice satisfied this judgment.
Alvarado filed a timely post-trial motion for prejudgment interest in which she sought interest on the amount awarded for past medical expenses ($10,987.63). The trial court denied the motion and Alvarado appealed to the Fourth District Court of Appeal. The district court affirmed the order of the trial court and certified the issue as a matter of great public importance.
It is well settled that a plaintiff is entitled to prejudgment interest when it is determined that the plaintiff has suffered an actual, out-of-pocket loss at some date prior to the entry of judgment. Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212, 215 (Fla. 1985). To date, cases recognizing a right to prejudgment interest have all involved the loss of a vested property right. See Argonaut, 474 So.2d 212 (holding that prejudgment interest is properly awarded in a case involving the negligent destruction of a building); Barnes Surgical Specialties, Inc. v. Bradshaw, 549 So.2d 1189 (Fla. 2d DCA 1989) (finding that a salesman has a right to prejudgment interest on commissions which were improperly withheld); International Community Corp. v. Overstreet Paving Co., 493 So.2d 25 (Fla.2d DCA 1986) (ruling that a subcontractor has a right to prejudgment interest on a valid mechanic's lien).
Alvarado contends that she is entitled to prejudgment interest for the damages awarded to her for past medical expenses as these are actual damages which have a certain amount and were incurred at a specific date in the past. However, Alvarado admits that she did not pay her medical bills prior to the entry of final judgment and that she was not charged interest by her health care providers.
Unlike the plaintiffs in Argonaut and the other cases cited above, Alvarado has not suffered the loss of a vested property right. She was not forced to use her private funds to pay medical bills incurred as a result of Rice's negligence. Had Alvarado actually paid her medical bills when they became due, she would be suffering the *500 loss of a vested property right because she would be denied the use of her money. However, in the absence of such payment by Alvarado, she is not entitled to prejudgment interest.
We answer the certified question by finding that a claimant in a personal injury action is only entitled to prejudgment interest on past medical expenses when the trial court finds that the claimant has made actual, out-of-pocket payments on those medical bills at a date prior to the entry of judgment. Upon such a finding, the trial judge can properly award prejudgment interest at the statutory rate from the date of payment by the plaintiff.
Accordingly, we approve the decision below.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES and KOGAN, JJ., concur.