621 So.2d 714 (1993)
CIGNA PROPERTY & CASUALTY CO., f/k/a Insurance Company of North America, Appellant/Cross-Appellee,
v.
Alexander F. Ruden, Appellee/Cross-Appellant.
No. 92-1849.
District Court of Appeal of Florida, Third District.
May 18, 1993.
Rehearing Denied August 10, 1993.
*715 Fleming, O'Bryan & Fleming and Dominic C. MacKenzie and Ronald A. FitzGerald, Ft. Lauderdale, for appellant, cross-appellee.
Klein & Tannen and Ricki Lewis Tannen, Hollywood, for appellee, cross-appellant.
Before SCHWARTZ, C.J., and HUBBART and COPE, JJ.
PER CURIAM.
Cigna Property and Casualty Co. appeals an adverse final judgment. The insured cross-appeals the denial of attorney's fees. We affirm in part and reverse in part.
We concur with the trial court that there was coverage under the "sue and labor" clause of the marine insurance policy issued to the insured, Alexander Ruden. We also agree with the trial court that the coverage includes, as the policy states, "reasonable costs and salvage expenses incurred by you... ." Contrary to Cigna's argument, the policy not only requires Cigna to reimburse the insured for out-of-pocket payment by the insured, but also obliges the insurance company to make payment of reasonable costs and expenses incurred by the insured, that is, reasonable costs and expenses the insured is obliged to pay, but has not yet actually disbursed.
Given the factual findings made by the trial court in this case, however, we are unable to see how the insured's loss of the vessel through foreclosure proceedings was a consequential loss caused by the insurance company's wrongful denial of coverage. Payment of the vessel mortgage remained the obligation of the insured. Given the findings that the vessel would not have been chartered again, and the findings about the insured's financial straits, we fail to see how the loss of the vessel through foreclosure of the mortgage can be attributed to the insurance company. We therefore reverse so much of the final judgment as awards the insured the value of the vessel.
The insurer also contends that prejudgment interest must be recalculated because prejudgment interest was awarded for several items not actually paid by the insured. On this point, the insurer is also correct. Writing in a related context, the Florida Supreme Court has recently held that "a claimant in a personal injury action is only entitled to prejudgment interest on past medical expenses when the trial court finds that the claimant has made actual, out-of-pocket payments on those medical bills at a date prior to the entry of judgment. Upon such a finding, the trial judge can properly award prejudgment interest at the statutory rate from the date of payment by the plaintiff." Alvarado v. Rice, 614 So.2d 498 (Fla. 1993). The same principle *716 applies here.[*] We therefore reverse the award of prejudgment interest and remand for recalculation in light of Alvarado v. Rice.
On the cross-appeal, we affirm.
The final judgment is affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.
NOTES
[*] If the vendor of the services charges interest on unpaid balances, then the unpaid balance including the vendor's interest charges represents the plaintiff's proof of damages for that item.