PER CURIAM.
This appeal arises out of a contract dispute between the buyer and seller of parts used in the manufacture of a product by the buyer. The seller attempted to terminate the contract by refusing to sell at the contract price, resulting in the buyer having to pay more to purchase the parts from another source. The trial court determined that the seller did breach the contract and awarded buyer damages. We affirm the judgment in all respects except as to the amount of damages.
The seller was entitled under the contract to obtain a 3% price increase in 1991. We conclude that the seller should have received a credit for this 3% increase from the point in time that it attempted to impose it in February of 1991.
We also conclude that the trial court erred in awarding prejudgment interest from February 1, 1991, when seller wrongfully attempted to terminate the contract and stopped supplying the buyer with the product. Since the buyer did not incur its damages until after that date, as it purchased the product from another source, at an increased cost, buyer was not entitled to prejudgment interest from the date of the breach. Prejudgment interest would only be recoverable here from the dates buyer sustained damages by having to pay more for this product when it purchased it elsewhere. Cf., Alvarado v. Rice, 614 So.2d 498 (Fla.1993).
Affirmed in part and reversed in part.
STONE and KLEIN, JJ., and DOWNEY, JAMES C., Senior Judge, concur.