638 So.2d 1026 (1994)
LUMBERMENS MUTUAL CASUALTY COMPANY, a foreign corporation, and Reserve Life Insurance Company, a foreign corporation, as successor in interest and/or assignee of Professional Insurance Corporation, a Florida corporation, as successor in interest and/or assignee of Lumbermens Mutual Casualty, Appellants/Cross-Appellees,
v.
Kay C. PERCEFULL, as Guardian of the person and property of Rip Von Percefull, an incompetent, Appellee/Cross-Appellant.
Nos. 92-0637, 92-2492.
District Court of Appeal of Florida, Fourth District.
June 22, 1994.
Daniel M. Bachi, Shirley Jean McEachern, and Bard D. Rockenbach of Sellars, Supran, *1027 Cole, Marion & Espy, P.A., West Palm Beach, for appellants/cross-appellees.
Edward A. Perse of Perse, P.A. and Ginsberg, P.A., and Liggio & Luckman, P.A., Miami, for appellee/cross-appellant.

ON MOTION FOR REHEARING
WARNER, Judge.
We withdraw our previously published opinion and substitute the following in its stead:
Appellant Lumbermens Mutual Casualty Company challenges a trial court's declaratory final judgment finding insurance coverage in appellee's favor and awarding attorney's fees and costs. Because we find that the court erred in creating coverage under a waiver theory, we reverse.
Rip Von Percefull suffered organic brain injury from a 1984 motorcycle collision. Rip had two insurance policies, one of which is involved in this case. Rip's guardian, Kay Percefull, sued the insurance companies involved in that policy for damages, declaratory judgment, and specific performance for their failure to pay many of Rip's medical bills from various health care providers. The bills in question in this appeal were bills submitted by Percefull to Lumbermens from New Medico and The Bridge, two rehabilitative therapy centers. Included in the services rendered at the rehabilitative centers were speech therapy and therapeutic leave from New Medico. However, the bills submitted to the insurance company did not have any breakdown of the services provided. All they included were the dates covered followed by a lump sum figure and an indication that the services were for treatment of a head injury.
Initially Lumbermens refused to pay the submitted bills noting that the facilities provided rehabilitative care and that such care was not covered under the policy. However, Percefull reminded Lumbermens that a rider to the policy provided such coverage and threatened a lawsuit. Thereafter, Lumbermens began to pay $70 per day to the facilities, being the maximum amount which its policy allowed for hospital stays. This was significantly less than the $600 to $700 daily charge listed on the bills.
When Percefull submitted the bills for payment, Lumbermens did not send her claim forms. The policy in question had the following provisions:
NOTICE OF CLAIM: Written notice of claim must be given to us within twenty days ... after the occurrence or commencement of any loss covered by the Policy, or as soon thereafter as is reasonably possible... .
CLAIM FORMS: Upon receipt of a notice of claim, we will furnish to the claimant such forms as are usually furnished for filing proofs of loss. If such forms are not furnished within fifteen days after the giving of such notice the claimant shall be deemed to have complied with the requirements of this Policy as to proof of loss upon submitting, within the time fixed in the Policy for filing proofs of loss, written proof covering the occurrence, the character and the extent of the loss for which claim is made.
PROOFS OF LOSS: Written proof of loss must be furnished to us at our said office in case of claim for loss for which this Policy provides any periodic payment contingent upon continuing loss within ninety days after the termination of the period for which we are liable and in case of claim for any other loss within ninety days after the date of such loss. Failure to furnish such proof within the time required shall not invalidate nor reduce any claim if it was not reasonably possible to give proof within such time, provided such proof is furnished as soon as reasonably possible and in no event, except in the case of legal capacity, later than one year from the time proof is otherwise required.
Percefull filed suit alleging that Lumbermens had not paid properly under the policy. Lumbermens denied the allegation and claimed that notice of the claim was not proper. Distilling a complex series of events for the purposes of this appeal, after Lumbermens finally got a breakdown of the bills during the suit, it objected to the speech therapy and therapeutic leave charges which were included in the New Medico and Bridge *1028 bills on the grounds that those charges were not covered by the policy. Furthermore, it claimed that New Medico and The Bridge were not hospitals within the policy definition. After a lengthy trial on the objections to the bills, the court ruled that under the policy Lumbermens was required to send out claim forms. Because it failed to do so, it waived its right to object to any past charges. However, the court also found that neither facility was a hospital within the meaning of the policy and therefore future charges at either center would not be covered (although there could be specific services rendered there which were covered under other policy provisions). For other reasons, the trial court also held that the therapeutic leave and speech therapy charges were not covered under the policy. Thus, even though the daily charges, speech therapy, and therapeutic leave were not covered under the policy, the trial court ruled that Lumbermens waived its right to contest the charges by its failure to send proper claim forms.[1]
Lumbermens contends that the trial court misconstrued the clear and unambiguous wording of the insurance contract when it interpreted the policy as requiring Lumbermens to provide Percefull with claim forms and held that failure to provide the claim forms constituted the insurance company's waiver of its right to object to coverage of the New Medico and Bridge bills. The language requiring the furnishing of claim forms is required by section 627.611, Florida Statutes (1991). We agree with Lumbermens that the policy is clear and must be given effect as written. See, e.g., Universal Underwriters Ins. Co. v. Fallaro, 597 So.2d 818 (Fla. 3d DCA 1992). The policy states that if the insurance company fails to provide claim forms, then any written proof covering the occurrence, the character and the extent of the loss will be sufficient to meet the procedural requirements of the policy.
However, even if Lumbermens cannot deny coverage because Percefull is deemed to have complied with the notice provisions by her submissions, that does not translate into a creation of insurance coverage where the policy never provided coverage. AIU Ins. Co. v. Block Marina Inv., Inc., 544 So.2d 998 (Fla. 1989). Here the policy did not cover New Medico and The Bridge as the same were not hospitals within the policy definition. Furthermore, the trial court found, and we agree, that the speech therapy and therapeutic leave charges also were not covered expenses under the policy language. Thus, even though Lumbermens cannot use a procedural deficiency to deny coverage, it is not compelled to pay for services it never agreed to cover under the policy.
Percefull counters this argument by contending that this case falls within the narrow exception of equitable estoppel or promissory estoppel, wherein a refusal to permit coverage would be tantamount to sanctioning fraud or injustice. See Crown Life Ins. Co. v. McBride, 517 So.2d 660 (Fla. 1987). Based on Crown Life, "Such injustice may be found where the promising party reasonably should have expected that his affirmative representation would induce the promisee into action or forbearance substantial in nature, and where the promisee shows that such reliance was to his detriment." Id. at 662. The key to this exception is whether "detrimental reliance" has been shown. See Crown Life, State Farm Fire & Cas. Ins. Co. v. Ortiz, 560 So.2d 1350 (Fla. 3d DCA 1990); Six L's Packing Co., Inc. v. Florida Farm Bureau Mut. Ins. Co., 268 So.2d 560 (Fla. 4th DCA 1972), cert. discharged, 276 So.2d 37 (Fla. 1973).
In this case detrimental reliance has not been shown. Percefull submitted her bills after each treatment at the respective facility, and Lumbermens paid her $70 for each day of the stay. This was the maximum amount allowable for a hospital room under the policy. There was no testimony that Percefull relied on Lumbermens' payment before seeking treatment. Nor was there testimony that Rip stayed in either facility after the $70 per day payments started with any representation that the remaining $500 to $600 of the daily charge would be paid by *1029 the insurance company. Surely, if Lumbermens were now seeking reimbursement for the $70 per day it paid now that the court has determined that the facilities were not covered under the policy, then a promissory estoppel theory might be applicable as Percefull could be said to have detrimentally relied on the fact that she would receive at least $70 per day for Rip's care. But in the instant case, there were no actions by the insurance company to suggest that anything more than the $70 per day reimbursement would be made on the bills submitted. We therefore reverse the trial court's determination that Lumbermens is liable for the speech therapy and therapeutic leave services provided to Rip prior to October 1, 1991.[2]
Because of our resolution of this case, we reverse the attorney's fees award and remand to the trial court to reconsider the amount of any such fees in light of this opinion. We reject Lumbermens' claim that the suit was premature because Percefull failed to supply sufficient proof of loss information for it to investigate and pay the claims. In the absence of the insurance company's furnishing Percefull with claim forms, the bills sent by the insured sufficed as notice in accordance with the policy provisions as no itemized billing was mandated by the policy. If the claim form required itemization of services, then it was Lumbermens' duty to provide the form to get this information. Lumbermens paid on some of the claims and not at all on others. Since Percefull was required to sue to obtain payment, to the extent that she prevailed she is entitled to a reasonable fee. § 627.428, Fla. Stat. (1991). Because we have determined that she was not entitled to prevail on a substantial portion of the claims litigated, this will affect the amount of the fee. On cross appeal, the point regarding entry of a money judgment is moot.
The denial of prejudgment interest is reversed. See Independent Fire Ins. Co. v. Lugassy, 593 So.2d 570 (Fla. 3d DCA 1992). While appellant claims that Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212 (Fla. 1985), requires interest only on out-of-pocket losses, neither Argonaut nor the later case of Alvarado v. Rice, 614 So.2d 498 (Fla. 1993), involve the issue of prejudgment interest in a contract action. It has long been the rule that in contract actions interest is allowable from the date that the debt is due. Parker v. Brinson Constr. Co., 78 So.2d 873 (Fla. 1955); English & American Ins. Co. v. Swain Groves, Inc., 218 So.2d 453 (Fla. 4th DCA 1969). We do not interpret Argonaut or Alvarado as receding from this rule.
In the instant case the policy provided for immediate payment following written proof of loss. Thus, prejudgment interest is payable from that date. In so finding, we are not only following established case law but also furthering the two public policies noted in Lugassy:
(1) It encourages the prompt settlement of insurance claims, see Wollard v. Lloyd's & Companies of Lloyd's, 439 So.2d 217 (Fla. 1983), and (2) corrects the inequity created in contracts drafted by insurers which would deny prejudgment interest to the insured as an element of "just compensation" for pecuniary loss. See Argonaut ...
593 So.2d at 572. However, we certify conflict with Cigna Property & Casualty Co. v. Ruden, 621 So.2d 714 (Fla. 3d DCA 1993).
We find no reversible error in the remaining point raised.

ON MOTION FOR REHEARING AS TO ATTORNEY'S FEES
Appellee/insured moved for attorney's fees on appeal pursuant to section 627.428, Florida Statutes (1993), which we denied. Appellee has requested rehearing which we grant based on the following reasoning.
Section 627.428, Florida Statutes (1993) states:
(1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured *1030 or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.
The statute requires the insured to "prevail" in the appellate court in order to receive fees. That has been interpreted in the First District as permitting an award to an insured who partially prevails on appeal. See Great Southwest Fire Ins. Co. v. DeWitt, 458 So.2d 398 (Fla. 1st DCA 1984); Travelers Indem. Co. v. Butchikas, 313 So.2d 101 (Fla. 1st DCA 1975), affirmed, 343 So.2d 816 (Fla. 1976). Both DeWitt and Butchikas predate Moritz v. Hoyt Enterprises, Inc., 604 So.2d 807 (Fla. 1992), which held that the prevailing party for attorney's fees under a contract was the party prevailing on the significant issues in litigation. Moritz has been applied to attorney's fees allowable by statute to a "prevailing party." See Prosperi v. Code, Inc., 626 So.2d 1360 (Fla. 1993); Warshall v. Price, 629 So.2d 905 (Fla. 4th DCA 1993).
We originally applied the standard of Moritz in denying fees to appellee as we concluded that she did not prevail on the substantial issues in the case. However, upon a closer analysis of the statute, we conclude that Moritz/Prosperi do not apply to this statute. In the statute (and contract) considered in each of those cases, either side could be the prevailing party but not both. However, under section 627.428, only the insured can be awarded attorney's fees. To the extent that the insured prevails, attorney's fees are awardable.
Therefore, we grant the motion for attorney's fees and direct that the trial court determine the amount of the fees allocable to the issues upon which appellee prevailed in this appeal.
GLICKSTEIN and KLEIN, JJ., concur.
NOTES
[1] We reject the procedural challenges to our consideration of this appeal from the second final declaratory judgment, finding the court was vested with sufficient jurisdiction to consider the motion for rehearing as a motion pursuant to Rule 1.540(b).
[2] The trial court's order is clear that these services are not covered after that date.