653 So.2d 389 (1995)
LUMBERMENS MUTUAL CASUALTY CO., etc., Petitioner,
v.
KAY C. PERCEFULL, etc., Respondent.
No. 84045.
Supreme Court of Florida.
April 6, 1995.
Daniel M. Bachi and Bard D. Rockenbach, Sellars, Supran, Cole & Marion, P.A., West Palm Beach, for petitioner.
Edward A. Perse and Arnold R. Ginsberg, Perse & Ginsberg, P.A., Miami, and Jeffrey M. Liggio of Liggio & Luckman, West Palm Beach, for respondent.
Philip M. Burlington, Caruso, Burlington, Bohn & Compiani, P.A., West Palm Beach, amicus curiae, for Academy of Florida Trial Lawyers.
OVERTON, Justice.
We have for review Lumbermens Mutual Casualty Co. v. Percefull, 638 So.2d 1026 (Fla. 4th DCA 1994), in which the district court held that an insured person is entitled to prejudgment interest on amounts due under a contract of insurance that provides for claims to be paid directly to the insured immediately upon the filing of proof of loss. The district court certified conflict with Cigna Property & Casualty Co. v. Ruden, 621 So.2d 714 (Fla. 3d DCA 1993). We have jurisdiction, article V, section 3(b)(4), Florida Constitution, and approve the decision of the district court.
The record reveals that Percefull was injured in a motorcycle accident and incurred substantial medical costs. At the time of the accident, Percefull was covered by Lumbermens Mutual Casualty Company (Lumbermens) under a major medical insurance policy that included the following pertinent language:
TIME OF PAYMENT OF CLAIMS: Benefits payable under this Policy for any loss ... will be paid immediately upon receipt of due written proof of such loss. PAYMENT OF CLAIMS: All benefits under this Policy will be payable to you.

(Emphasis added.) In contrast to medical insurance policies that provide for payments to be made to the health care provider, this policy expressly provided that the benefits would be paid directly to the insured. When Lumbermens failed to pay the claims to Percefull's satisfaction, Percefull sued for breach of contract, specific performance, and a declaratory judgment regarding the scope of coverage under the policy. The trial court ruled in Percefull's favor but denied prejudgment interest. In its final order, the trial court stated that Percefull would be entitled *390 to prejudgment interest only if Percefull had actually paid the claims to the health care providers. Both Percefull and Lumbermens appealed to the district court. On the issue of prejudgment interest, the district court reversed and observed: "It has long been the rule that in contract actions interest is allowable from the date that the debt is due." Lumbermens, 638 So.2d at 1029. The court determined that the "out-of-pocket" rule used by the trial court did not apply in this contract action. Noting that the Third District Court had reached a contrary decision in Ruden, the court certified conflict.
In Parker v. Brinson Construction Co., 78 So.2d 873, 874 (Fla. 1955), this Court observed the general rule that prejudgment interest is allowed in Florida for actions based on contract from the date the debt is due. We further noted:
The fact that there is an honest and bonafide dispute as to whether the debt is actually due has no bearing on the question. The rule is that if it is finally determined that the debt was due, the person to whom it was due is entitled not only to the payment of the principal of the debt but to interest at the lawful rate from the due date thereof.

Id. (emphasis added). We find that the district court correctly applied the rule enunciated in Brinson to the contract action in the instant case. Lumbermens became indebted to Percefull when it failed to pay Percefull for the claims submitted. Under these contract provisions, Percefull was clearly entitled to prejudgment interest.
We agree with the district court that the decision in Ruden conflicts with the instant case and with our decision in Brinson. In Ruden, the Third District Court reversed an award of prejudgment interest on an insurance contract debt because of its determination that prejudgment interest was appropriate only when a claimant had suffered out-of-pocket expenses. The district court based its holding on our decision in Alvarado v. Rice, 614 So.2d 498 (Fla. 1993). However, Alvarado was a personal injury action, not a contract claim. As we explained in Brinson, tort claims are generally excepted from the rule allowing prejudgment interest, primarily because tort damages are generally too speculative to liquidate before final judgment. Brinson, 78 So.2d at 875. While the rule in Alvarado provided a narrow exception to the prohibition against prejudgment interest in tort cases, it did not announce a new limitation on prejudgment interest in contract cases. We disapprove the Third District Court's extension of our decision in Alvarado to contract claims.
Lumbermens argues that because Percefull has not paid the medical expenses related to the insurance claims, Percefull should not receive a "windfall" in the form of prejudgment interest. Lumbermens' argument ignores the fact that it has a contract with Percefull, supported by consideration, in which Lumbermens agreed to pay Percefull specified sums on the occurrence of certain conditions. Whether Percefull uses this money to pay medical bills or for some other purpose does not change the fact that a debt has been created.
We distinguish Aetna Casualty & Surety Co. v. Langel, 587 So.2d 1370 (Fla. 4th DCA 1991), United Services Automobile Ass'n v. Strasser, 530 So.2d 1026 (Fla. 4th DCA 1988), and Cooper v. Aetna Casualty & Surety Co., 485 So.2d 1367 (Fla. 2d DCA 1986), in which claims for prejudgment interest were denied. While these uninsured motorist recoveries were based upon contracts of insurance, they actually involved unliquidated personal injury damage claims.
We approve the decision of the district court. The trial court should have granted Percefull's request for prejudgment interest on the debt created by Percefull's contract with Lumbermens without requiring proof that Percefull had incurred any out-of-pocket expenses. We disapprove Ruden to the extent that it conflicts with this opinion. We remand for further proceedings consistent with this opinion.
It is so ordered.
GRIMES, C.J., and SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.