PER CURIAM.
Appellant/dealer and appellee/distributor each sued the other for breach of contract. The former recovered $21,938.10 on its claim for parts returned to, but rejected by, appel-lee. The latter recovered on its claim for the balance owed on two engine blocks.
We reverse the trial court’s denial of prejudgment interest to appellant. See Lumbermens Mut. Cas. Co. v. Percefull, 653 So.2d 389 (Fla.1995), approving, 638 So.2d 1026 (Fla. 4th DCA 1994); ACR Elecs., Inc. v. Switlik Parachute Co., 624 So.2d 1144 (Fla. 4th DCA 1993); see also National Educ. Ctrs., Inc. v. Kirkland, 678 So.2d 1304 (Fla. 4th DCA 1996).
It is apparent from a review of the trial exhibits that the jury’s determination of damages to appellant was based upon the goods rejected as stated in appellee’s summary of returned parts. Because appellee made payment on the acceptable goods on August 31, 1990, it can be readily concluded that payment for the rejected goods from that same summary sheet would have been made at that same time if those goods had been deemed acceptable.
Accordingly, August 31, 1990, is the date upon which the debt became due to appellant as it then sustained damages for the wrongly rejected goods. It was entitled to prejudgment interest from that date, and we remand for the award of same.
The trial court’s award of attorney’s fee to appellee on its claim is affirmed. See Vanuchi v. Miami Purveyors, Inc., 541 So.2d 704 (Fla. 4th DCA 1989).
The cross-appeal is affirmed, cross-appellant having waived argument thereon for lack of a transcript.
GLICKSTEIN, DELL and WARNER, JJ., concur.