POLEN, J.
Camper & Nicholsons International, Ltd., a foreign corporation, and Tron Sole, a foreign individual (hereinafter collectively “Camper & Nicholsons”), prevailed on their complaint against Dimitri Manios, a foreign individual, based on Manios’ tor-tious interference with their yacht brokerage contract with the sellers of the yacht. They appeal from the second amended final judgment which denied them prejudgment interest on their $790,000 award. Manios, who is now deceased, cross-appealed from this judgment, as well as from a post-trial order denying his motion to vacate the final judgment. We reverse on Camper & Nicholsons’ appeal, but affirm as to all issues on the cross-appeal.

Facts

This dispute concerns the $7.1 million sale of the “Parts VI” yacht by Blonder Marine & Charter, Inc. and Parts VI Charters, Inc. (“sellers”) to Manios. Camper & Nicholsons were yacht brokers that marketed the subject yacht. In 1992, they sued Manios and the sellers in an effort to recover a 10% sales commission. They also claimed that Manios tortiously interfered with their business relationship with the sellers.[1] Thereafter, default judgments in the amount of $720,000[2] were entered against the sellers.
Manios moved to dismiss their action for lack of personal jurisdiction. In opposition to his motion, Camper & Nicholsons filed the affidavit of its managing director, Nicholas Edmiston. Edmiston attested to minimum contacts that Manios had in Florida at the time he allegedly committed the tortious acts. He also attested to the *718 acts alleged in Camper & Nicholsons’ complaint. The court denied Manios’ motion to dismiss. This court on appeal affirmed the order of dismissal. Manios v. Camper & Nicholsons Intern., Ltd., 626 So.2d 697 (Fla. 4th DCA 1993).
Trial proceeded in 1996. Camper & Ni-cholsons presented evidence that they had a long standing, advantageous business relationship with the sellers, who did business in Florida; that Manios was aware of this relationship; that Manios instructed them to negotiate on his behalf with the sellers for the sale of the yacht; that he authorized them to bid up to $7.9 million for the yacht; that they made offers on Manios’ behalf to the sellers in Florida for the sale of the yacht; that Manios later went behind their backs and directly contacted the sellers in Florida; and that he cut Camper & Nicholsons out of the deal when he bought the yacht for $7.1 million.
While it was undisputed that they did not have a written contract with the sellers, Camper & Nicholsons presented evidence that the sellers expressly agreed to pay them a 10% commission in Florida on the gross purchase price of the yacht if they procured a willing buyer. In this regard, their expert, George Sustendal, testified that in the yacht brokering business, a seller generally pays a broker a 10% commission on the gross sales price, and that oral brokerage contracts are generally accepted. They also introduced evidence that the sellers and Manios agreed to indemnify and hold the other harmless from any claims made by any broker.
The jury found in Camper & Nicholsons’ favor and awarded them $790,000. However, the court denied them prejudgment interest on this award. It held that they failed to demonstrate an ascertainable amount upon which prejudgment interest could be awarded.
In 1998, Manios’ attorney filed a motion to vacate the court’s final judgment in this case. He claimed that based on a recent deposition taken of Nicholas Edmiston, he discovered that Edmiston’s affidavit, filed years before in opposition to Manios’ motion to dismiss, was fraudulent. The court, nevertheless, denied the motion to vacate.

Merits

As their sole point on appeal, Camper & Nicholsons contend that they were entitled to prejudgment interest because the amount of their damages was clearly ascertainable and because the specific date of their loss was established. As a matter of law, a party is entitled to prejudgment interest on its “out-of-pocket, pecuniary losses” once a verdict has liquidated the damages as of a date certain. Boulis v. Florida Dep’t of Transp., 733 So.2d 959, 961 (Fla.1999)(citing Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212, 214-15 (Fla.1985)); Alvarado v. Rice, 614 So.2d 498, 499 (Fla.1993). This holds true even in tort cases. See Alvarado, 614 So.2d at 500 (holding claimants in a personal injury action are entitled to prejudgment interest on past medical expenses if they make actual, out-of-pocket payments on those medical bills at a date prior to the entry of judgment).
Our review of the record shows that the jury’s award of $790,000 in damages was fixed at a specific date prior to judgment. Specifically, the evidence supported that had Manios not tortiously interfered, Camper & Nicholsons would have received 10% of the gross sales price of the yacht at the February 9, 1990 closing. Because Manios’ last bid prior to his circumventing Camper & Nicholsons was $7.9 million, we hold Camper & Nicholsons were entitled to prejudgment interest on 10% of this amount. Accordingly, we reverse.
On cross-appeal, Manios contends that the court should have vacated the second amended final judgment. He argues that only when he deposed Edmiston, well after trial had ended, did he discover that the court lacked personal jurisdiction over him.[3] However, he failed to ade *719 quately explain to the court why he could not have discovered this evidence before trial by due diligence. As such, we cannot say that the court abused its discretion in denying the motion to vacate. See McDonald v. Pickens, 544 So.2d 261, 263-64 (Fla. 1st DCA)(holding that to obtain a new trial on the basis of newly discovered evidence, the party must show that the evidence was discovered since the trial and could not have been discovered before trial by due diligence), rev. denied, 553 So.2d 1165 (Fla.1989).
As to the other issues raised in his cross-appeal, we affirm as unpersuasive.
REVERSED and REMANDED on the appeal; AFFIRMED on the cross-appeal.
DELL and GROSS, JJ., concur.

. They also sued Manios on the theories of unjust enrichment and fraud; however, the court entered a directed verdict in Manios' favor at trial on these two claims.

. The 10% commission should have resulted in a default judgment of $710,000, hot $720,-000. At oral argument, Camper & Nichol-sons explained that when they sought the default, they believed the sale was for $7.2 million instead of $7.1 million.

. The alleged fraudulent content of Edmi-ston's affidavit was not directly that the facts *719 recited were false, but rather that they were based on hearsay statements of others rather than on Edmiston’s personal knowledge.