[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 20, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-10941
Non-Argument Calendar

_____

D. C. Docket No. 07-22497-CV-AJ

CALVIN C. CAMPBELL,

Plaintiff-Appellant,

versus

CORRECTIONAL OFFICER LAKISHA HUMPHRIES,
Correctional Officer,
COLONEL LARRY MAYO,
Colonel,
WARDEN DAVID M. HARRIS,
Warden,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 20, 2009)

Before BARKETT, HULL and WILSON, Circuit Judges.

PER CURIAM:

Calvin C. Campbell, a *pro se* prisoner, appeals the district court's dismissal of his 42 U.S.C. § 1983 civil rights complaint against defendants correctional colonel Larry Mayo and warden David Harris, and grant of default judgment as to defendant correctional officer Lakisha Humphries pursuant to Federal Rule of Civil Procedure 55(b)(2). On appeal, Campbell argues that he properly stated a claim of supervisory liability as to defendants Mayo and Harris. Campbell also challenges the district court's $100,000 damage award against defendant Humphries, arguing that he should have instead been awarded $5 million in actual damages, plus interest and costs. Campbell alleges that he sought a "sum certain" and thus should have been granted default judgment for the full amount under Federal Rule of Civil Procedure 55(b)(1). For the following reasons, we affirm the judgment of the district court.

## I.

Campbell is a seventy-year-old inmate who has been serving a life sentence since 1966. He has a history of heart disease extending back more than twenty years. Campbell alleged that Humphries verbally and physically abused him by denying him water and forbidding him from taking his nitroglycerin in the course

2

of two days of hot weather at Dade Correctional Institution in September 2003. Humphries subsequently was hospitalized in an off-prison hospital for two days. Campbell filed suit, alleging intentional infliction of emotional distress, done in a malicious manner in violation of the Eighth and Fourteenth Amendments. Humphries failed to respond and the clerk entered a default against her. The district court dismissed Campbell's claims against Humphries' supervisors, and entered the default judgment against Humphries after hearing from Campbell in an evidentiary hearing. On appeal Campbell raises three issues, which we address in turn: first, whether the district court erred in dismissing Campbell's first amended complaint against Humphries' supervisors; second, whether the district court erred in denying Campbell's request for a "certain sum" default; and third, whether the district court erred in not awarding Campbell costs and interest.

II.

We review *de novo* whether a complaint sufficiently alleges a constitutional violation. *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003). In reviewing a complaint, all well-pleaded factual allegations are accepted as true and we construe the facts in the light most favorable to the plaintiff. *Id.* "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006)

(internal quotation marks omitted).

Campbell acknowledges the longstanding rule that § 1983 actions do not permit theories of vicarious liability. Where, as here, the complaint does not allege that the supervisor personally participated in the unconstitutional conduct, the plaintiff may allege a causal connection between the supervisor's actions and the alleged constitutional deprivation through a "history of widespread abuse [that] puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so." *Cottone*, 326 F.3d at 1360 (citation omitted). "The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999). This standard is extremely rigorous. *Cottone*, 326 F.3d at 1360.

The tort of negligent retention targets an employer who retains an employee who that employer knew or should have known was dangerous and incompetent. *See Mercado v. City of Orlando*, 407 F.3d 1152, 1162 (11th Cir. 2005). In Florida, a plaintiff must allege that the employer "was put on notice of the harmful propensities of the employees." *Id.* (quotation omitted).

Here, Campbell has failed to adequately allege facts showing that Humphries' supervisors Mayo and Harris were aware of a "history of widespread

4

abuse" sufficient to state a claim of negligent retention against them. Campbell failed to allege the nature, amount, frequency, or duration of complaints against Humphries, if they involved constitutional deprivations, or if they otherwise involved "widespread abuse." Campbell did allege one incident where Mayo reassigned Humphries due to a complaint. This one incident, however, is not enough to meet the rigorous standard for supervisory liability in this circuit. Moreover, Campbell's conclusory allegation that Mayo and Harris knew of a "large number" of complaints against Humphries does not by itself satisfy the standard to show the supervisors knew or should have know that Humphries was a "dangerous" employee. *See Mercado*, 407 F.3d at 1162. To the extent that Campbell argues on appeal that he alleged a negligent training theory of liability, this claim must also fail because he did not allege that Mayo or Harris were negligent in the implementation or operation of any training program. *See id.* Accordingly, this Court should affirm the district court's dismissal of Campbell's amended complaint as to defendants Mayor and Harris.

III.

We review *de novo* the district court's interpretation of the Federal Rules of Civil Procedure. *Silvious v. Pharaon*, 54 F.3d 697, 700 (11th Cir. 1995). Rule 55(b)(1) states, "If the plaintiff's claim is for a sum certain or a sum that can be

5

made certain by computation," then the clerk must enter judgment for that amount, on request of the plaintiff. Fed. R. Civ. P. 55(b)(1). "In all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). Thus, if the amount of damages is not certain, only the court may enter default judgment, and it may do so after conducting a hearing to determine the amount of damages. *See* Fed. R. Civ. P. 55(b)(2)(B); *see also SEC v. Smyth*, 420 F.3d 1225, 1231–32 (11th Cir. 2005).

As for the specific amount awarded after the evidentiary hearing, "the district court has a great deal of discretion in deciding the level of damages to be awarded." *Stallworth v. Shuler*, 777 F.2d 1431, 1435 (11th Cir. 1985). "In reviewing the amount of damage awards, this court is generally limited to the question of whether the trier of fact abused its discretion." *Self v. Great Lakes Dredge & Dock Co.*, 832 F.2d 1540, 1552 (11th Cir. 1987). The *Self* court found that "[a]lthough the award was small, it was not 'unconscionably inadequate,' therefore, [this Court] may not disturb the award on appeal." *Id.* (quoting *Kramer v. Keys*, 643 F.2d 382, 386 (5th Cir. Unit A Apr. 1981)).

We review the district court's decision on whether to award prejudgment interest for abuse of discretion. *Ins. Co. of N. Am. v. M/V Ocean Lynx*, 901 F.2d 934, 942 (11th Cir. 1990). Under Florida law, "tort claims are generally excepted

6

from the rule allowing prejudgment interest, primarily because tort damages are generally too speculative to liquidate before final judgment." *Lumbermens Mut. Cas. Co. v. Percefull*, 653 So. 2d 389, 390 (Fla. 1995). As for costs, "we review a district court's decision about whether to award costs to the prevailing party for abuse of discretion." *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007). Federal Rule of Civil Procedure 54(d) provides that litigation costs, other than attorneys' fees, should be awarded to the prevailing party "[u]nless a federal statute, these rules, or a court order provides otherwise." Fed. R. Civ. P. 54(d)(1). Rule 54(d) creates a "strong presumption" in favor of awarding costs to the prevailing party. *Mathews*, 480 F.3d at 1276. "To defeat the presumption and deny full costs, a district court must have and state a sound basis for doing so." *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000). Southern District of Florida Local Rule 7.3 allows a party to move for costs prior to the entry of final judgment, or after such entry, subject to numerous specific requirements.

Although the prayer of Campbell's complaint sought $5 million in compensatory and $500,000 in punitive damages from defendant Humphries, Campbell failed to show why he was entitled to those amounts, and likewise failed at that time to provide the court with any evidence regarding damages. In the absence of a "sum certain," therefore, the district court properly held an evidentiary

hearing to consider damages. The district court did not err in entering the default judgment under Rule 55(b)(2) instead of Rule 55(b)(1). The district court's awards of $75,000 in actual damages and $25,000 in punitive damages appear to be carefully considered and will for that reason stand. Campbell concedes that he is not entitled to prejudgment interest if we find that the default judgment was properly entered under Rule 55(b)(2). Finally, we consider the matter of costs. Campbell sought costs prior to the entry of the amended order dismissing his amended complaint and denying his motion for default judgment pursuant to Rule 55(b)(1). (D.40.) At that point, the district court no longer had before it a motion for costs. To the extent that a renewed motion for costs can be discerned in the record, Campbell did not make it until after the district court entered its final default judgment. Therefore, this issue is not properly before this Court. *See BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 489 F.3d 1129, 1140 (11th Cir. 2007) ("As a general rule, we do not consider issues not presented in the first instance to the trial court."). Therefore, the judgment of the district court is **AFFIRMED.**