**Burton W. WIAND, as Receiver for Valhalla Investment Partners, L.P., Viking Fund, LLC, Viking IRA Fund, LLC, Victory Fund, Ltd., Victory IRA Fund, Ltd., Scoop Real Estate, L.P., Plaintiff–Appellant,**

v.

**DANCING $, LLC, Defendant–Appellee.**

No. 15–13410

Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

March 10, 2016.

Gianluca Morello, Jared J. Perez, Michael Schaenen Lamont, Wiand Guerra King, PA, Tampa, FL, Alfred Villoch, III, Savage Combs & Villoch, PLLC, Tampa, FL, for Plaintiff–Appellant.

Joshua Bleil, Ticktin Law Group, PA, Deerfield Beach, FL, Phillip H. Stillman, Stillman & Associates, Miami Beach, FL, for Defendant–Appellee.

Before TJOFLAT, JORDAN and JULIE CARNES, Circuit Judges.

PER CURIAM:

In *Wiand v. Dancing $, LLC*, 578 Fed. Appx. 938, 947–48 (11th Cir.2014), we vacated the District Court's decision with instructions to "apply the equitable factors" set out in *Blasland, Bouck & Lee, Inc. v. City of Miami*, 283 F.3d 1286 (11th Cir.2002), "in order to determine whether equitable considerations justify a denial or reduction of prejudgment interest to the Receiver in light of Florida's general rule that prejudgment interest is an element of pecuniary damages." On remand, the District Court, overruling the Receiver's objection to the magistrate judge's Report and Recommendation and adopting the magistrate judge's recommendation, awarded the Receiver prejudgment interest but calculated the award from the date the Receiver filed suit rather than the dates of the fraudulent transfers to Dancing $, LLC. The Receiver appeals.

The Receiver correctly notes that the District Court considered factors other than those set out in *Blasland.* It evaluated the purported equitable underpinnings of the "clawback" cases arising from the Ponzi scheme that yielded the fraudulent transfers and then concluded that the Receiver should receive prejudgment interest only from the date he commenced this action. In doing so, the court strayed from our instructions which were to determine whether *Blasland*'s equitable factors justified the denial or reduction of the prejudgment interest awarded the Receiver. As we noted in *Wiand v. Dancing $, LLC*, Florida applies the "loss theory" of prejudgment interest. Under that theory, "prejudgment interest is merely another element of pecuniary damages." 578 Fed. Appx. at 938 (internal quotation marks omitted). And "Florida courts award prejudgment interest as a matter of course."

*Id.* (quotation marks omitted). As the Florida Supreme Court stated in *Alvarado v. Rice*, 614 So.2d 498, 499 (Fla.1993), "[i]t is well settled that a plaintiff is entitled to prejudgment interest when it is determined that the plaintiff has suffered an actual, out-of-pocket loss at some date prior to the entry of judgment."

Rather than vacate the District Court's judgment and remand for further proceedings (in which the transaction costs will further consume the prejudgment interest the Receiver is due), we vacate the court's judgment with the instruction to calculate the prejudgment interest from the dates of the pertinent fraudulent transfers.

SO ORDERED.