AEROTECH RESOURCES, INC., Plaintiff,

v.

DODSON AVIATION, INCORPORATED, Dodson International Parts, Inc., and Robert L. Dodson, a/k/a J.R. Dodson, Defendants.

CIV. A. No. 00–2099–CM.

United States District Court, D. Kansas.

Feb. 14, 2002.

---

See, also, 2001 WL 474296.

James W. Herron, Lewis, Rice & Fingersh, St. Louis, MO, William H. Meyer, Lewis, Rice & Fingersh, L.C., Kansas City, MO, Richard L. Richards, Jarvis & Richards, Coral Gables, FL, Carl H. Hoffman, Coral Gables, FL, for Plaintiff.

Penny R. Moylan, Bennett, Hendrix & Moylan, Topeka, KS, for Defendants.

## MEMORANDUM AND ORDER

MURGUIA, District Judge.

Plaintiff Aerotech Resources, Inc. brought this diversity action governed by Florida state law against defendants Dodson Aviation, Inc., Dodson International Parts, Inc., and Robert L. Dodson, alleg-

ing that defendants interfered with its efforts to sell defendants' Boeing 727 aircraft to the Ecuadorian airline TAME, a third party. Specifically, plaintiff alleged that defendants tortiously interfered with its business relationship with TAME, that defendants fraudulently promised plaintiff that it would have the exclusive agency to negotiate and sell defendants' Boeing 727 commercial jet to TAME, that defendants engaged in fraud by keeping silent as to their intent regarding the plaintiff's attempts to sell defendants' Boeing 727 to TAME, and that defendants breached a fiduciary duty owed to plaintiff.

A jury trial in this matter was held before the court between May 21, 2001 and June 4, 2001. On June 4, 2001, the jury returned a verdict partially in favor of plaintiff, finding the defendants committed fraud by silence. The jury awarded damages to plaintiff based on this verdict in the amount of $211,500, specifying that the damages were sustained on November 23, 1998. The jury returned a verdict in favor of defendants on all other submitted issues.

Presently before the court are plaintiff's renewed motion for judgment as a matter of law (Doc. 127); plaintiff's motion to alter or amend the judgment (Doc. 129); plaintiff's protective motion for a new trial (Doc. 131); defendants' motion for judgment as a matter of law, motion to alter or amend judgment, motion for relief from judgment and/or in the alternative, motion for new trial (Doc. 133); and defendants' motion for stay on an execution of judgment pending defendants' motion for a new trial and motion to alter or amend a judgment and motion for judgment as a

matter of law (Doc. 135). For the reasons set forth below, plaintiff and defendants' motions are granted in part and denied in part.

● **Background**

This case arises out of the proposed sale of defendants' Boeing 727 commercial jet aircraft. The parties dispute the type and effect of their relationship preceding the defendants' proposed sale of the aircraft to TAME. Plaintiff contends it entered into a brokerage agreement with defendants, whereby it was to be the exclusive broker of the aircraft for sale to TAME. Defendants dispute this characterization and contend that they attempted to enter into a purchase agreement with plaintiff, whereby plaintiff would purchase the aircraft and resell it to TAME, at a profit. Following defendants' attempt to sell the aircraft to TAME without plaintiff's involvement, plaintiff filed suit alleging tortious interference with a business relationship, fraudulent promise of a future event, fraud by silence and breach of fiduciary duty.

The case proceeded to a trial on the merits. On June 4, 2001, following a trial by jury, the jury returned a verdict partially in favor of plaintiff, as noted. The court entered judgment according to the verdict on June 4, 2001.[1] Subsequently, the parties filed the post-trial motions that are currently pending before the court.

● **Legal Standards**

● **Post–Verdict Renewed Motion for Judgment as a Matter of Law**

A renewed motion for judgment as a matter of law (previously judgment not-

---

1. The court notes that although the text of the verdict form references the date of "June 5, 2001," the judgment is file-stamped "June 4, 2001." Pursuant to D. Kan. Rule 6.2, the court construes the judgment to have been entered in this case on June 4, 2001. See D. Kan. Rule 6.2 ("Unless specifically provided otherwise, in determining filing deadlines under both the federal procedural rules and the local rules of this court, the relevant date for calculating a limitation period dependent on the filing of a court order shall be the file stamp date appearing on the order.").

withstanding the verdict or "judgment n.o.v.")[2] under Fed.R.Civ.P. 50 "may be granted only when, without weighing the credibility of the evidence, there can be but one reasonable conclusion as to the proper judgment." *Jackson v. City of Albuquerque*, 890 F.2d 225, 230 (10th Cir. 1989). Judgment as a matter of law is appropriate "only if the proof is all one way or so overwhelmingly preponderant in favor of the movant as to permit no other rational conclusion." *J.I. Case Credit Corp. v. Crites*, 851 F.2d 309, 311 (10th Cir.1988). "Judgment n.o.v. should be cautiously and sparingly granted." *Lucas v. Dover Corp.*, 857 F.2d 1397, 1400 (10th Cir.1988). "In determining whether the grant of a motion for judgment n.o.v. is appropriate, the court must view the evidence and indulge all inferences in favor of the party opposing the motion and cannot weigh the evidence, consider the credibility of witnesses or substitute its judgment for that of the jury." *Id.* (internal citations omitted).

## A. Motion for New Trial

Pursuant to Fed.R.Civ.P. 59(a), a "new trial may be granted to all or any of the parties on all or part of the issues ... in an action in which there has been a trial by jury...." Motions for a new trial are committed to the sound discretion of the trial court. *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 556, 104 S.Ct. 845, 78 L.Ed.2d 663 (1984); *Hinds v. Gen. Motors Corp.*, 988 F.2d 1039, 1046 (10th Cir.1993). They are "not regarded with favor and should only be granted with

great caution." *United States v. Kelley*, 929 F.2d 582, 586 (10th Cir.1991).

In reviewing a motion for a new trial the court must view the evidence in the light most favorable to the prevailing party. *Griffin v. Strong*, 983 F.2d 1544, 1546 (10th Cir.1993). A new trial based upon an error of law is unwarranted unless that error affected the substantial rights of the parties. Fed.R.Civ.P. 61; *Heyen v. United States*, 731 F.Supp. 1488, 1489 (D.Kan. 1990), *aff'd*, 945 F.2d 359 (10th Cir.1991). "The party seeking to set aside a jury verdict must demonstrate trial error which constitutes prejudicial error or that the verdict is not based on substantial evidence." *White v. Conoco, Inc.*, 710 F.2d 1442, 1443 (10th Cir.1983). The court should "ignore errors that do not affect the essential fairness of the trial." *McDonough Power Equip.*, 464 U.S. at 553, 104 S.Ct. 845.

Moreover, where a jury's verdict is challenged as contrary to the evidence, the court's "inquiry focuses on whether the verdict is clearly, decidedly or overwhelmingly against the weight of the evidence." *Black v. Hieb's Enters., Inc.*, 805 F.2d 360, 363 (10th Cir.1986).

## ● Motion to Alter or Amend Judgment

Rule 59(e) preserves the district court's right to alter or amend a judgment after the judgment is entered. Motions to alter or amend a judgment are appropriate where they involve reconsideration of matters properly encompassed in the decision on the merits. *White v. N.H. Dep't of Employment Sec.*, 455 U.S. 445, 451, 102

---

**2.** The court notes that Fed.R.Civ.P. 50 was amended in 1991, and now allows parties to move for "judgment as a matter of law" before the case is submitted to the jury, see Fed.R.Civ.P. 50(a), and for a "renewed judgment as a matter of law" within 10 days of the entry of judgment, see Fed.R.Civ.P. 50(b). Although the "judgment as a matter of law"

or "JMOL" terminology replaces the earlier designations of "directed verdict" and "judgment notwithstanding the verdict," the legal standards governing the analysis of such motions remain unchanged. See *Weese v. Schukman*, 98 F.3d 542, 547 (10th Cir.1996); 1991 advisory committee notes to Fed.R.Civ.P. 50.

S.Ct. 1162, 71 L.Ed.2d 325 (1982). In fact, a Rule 59(e) motion to alter or amend judgment is essentially a motion for reconsideration. *Henry v. Office of Thrift Supervision*, 1993 WL 545195, at \*1 (D.Kan. Dec. 28, 1993) (citing *Hilst v. Bowen*, 874 F.2d 725, 726 (10th Cir.1989)), *aff'd*, 43 F.3d 507 (10th Cir.1994)). It allows a party to allege fundamental legal errors that require the court to reconsider an earlier decision. *Federated Mut. Ins. Co. v. Botkin Grain Co.*, 856 F.Supp. 607, 609 (D.Kan.1994). Reconsideration is proper when there has been a manifest error of law or fact, when new evidence has been discovered or when there has been a change in the relevant law. *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir.1995); *All West Pet Supply Co. v. Hill's Pet Prods. Div., Colgate Palmolive Co.*, 847 F.Supp. 858, 860 (D.Kan. 1994). A party cannot invoke Rule 59(e) to raise arguments or evidence that should have been raised in the first instance or to rehash arguments previously considered and rejected by the court. See *id.; Federated Mut. Ins. Co.*, 856 F.Supp. at 609.

In addition, a Rule 59(e) motion is appropriate where the court's original judgment failed to provide that relief which the court found a party entitled to receive, or where the party seeks a post-judgment award of prejudgment interest. *Osterneck v. Ernst & Whitney*, 489 U.S. 169, 175, 109 S.Ct. 987, 103 L.Ed.2d 146 (1989).

"The party moving for reconsideration has the 'burden to show that there has been a change of law, that new evidence is available, or that reconsideration is necessary to correct clear error or prevent manifest injustice.' " *Mackey v. IBP, Inc.*, 1996 WL 417513 at \*2 (D.Kan. July 22, 1996) (quoting *Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am. v. Sambol Meat Packing Co.*, 1993 WL 393010, at \*2 (D.Kan. Sept.30, 1993)). Whether to grant or deny a motion to reconsider is committed to the district court's sound discretion. *Henry*, 1993 WL 545195, at \*1 (citing *Hancock v. City of Okla. City*, 857 F.2d 1394, 1395 (10th Cir. 1988)).

● **Motion for Relief from Judgment**

Rule 60(b) provides for relief from judgment provides courts with a "grand reservoir of equitable power to do justice in a particular case." *State Bank of S. Utah v. Gledhill (In re Gledhill)*, 76 F.3d 1070, 1080 (10th Cir.1996) (internal quotations omitted). Therefore, the court has substantial discretion to grant relief as justice requires under Rule 60(b). *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir.1990). However, such relief "is extraordinary and may only be granted in exceptional circumstances." *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir.1990). "A litigant shows exceptional circumstances by satisfying one or more of Rule 60(b)'s six grounds." [3]

*Van Skiver v. United States*, 952 F.2d 1241, 1243–44 (10th Cir.1991).

---

**3.** The exceptional circumstances enumerated in Rule 60(b) are:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

"Not a substitute for a direct appeal, a rule 60(b) motion addresses matters outside the issues on which the judgment was entered." *Nutter v. Wefald,* 885 F.Supp. 1445, 1450 (D.Kan.1995) (citing *Brown v. McCormick,* 608 F.2d 410, 413 (10th Cir. 1979)). "It is not the opportunity for the court to revisit the issues already addressed in the underlying order or to consider arguments and facts that were available for presentation in the underlying proceedings." *Nutter,* 885 F.Supp. at 1450 (citing *Van Skiver,* 952 F.2d at 1243).

● **Plaintiff's Renewed Motion for Judgment as a Matter of Law (Doc. 127)**

At the close of all evidence in the trial of this matter, plaintiff moved the court for judgment as a matter of law in its favor. Having heard the parties' arguments and considered the legal support presented for them, the court denied plaintiff's motion. Plaintiff now renews its motion, seeking judgment as a matter of law: 1) that defendants owed a fiduciary duty to plaintiff; 2) that Dodson Aviation, Inc. and Dodson International Parts, Inc. are liable for the conduct of Robert L. Dodson, Jr.; and 3) that TAME's election to purchase the Dodson jet was an actual and identifiable understanding or agreement between plaintiff and TAME.

To prevail on their renewed motion, plaintiff must establish that the proof presented at trial "is all one way or so overwhelmingly preponderant in favor of the [plaintiff] as to permit no other rational conclusion." *J.I. Case Credit Corp.,* 851 F.2d at 311. However, the court notes that such judgments as a matter of law sought after a verdict should be "cautiously and sparingly granted." *Lucas,* 857 F.2d at 1400. In assessing plaintiff's arguments, the court views the evidence and draws all inferences therefrom in the light most favorable to the defendants. *Id.*

As set forth below, the court finds the proof presented at trial is not "all one way

or so overwhelmingly preponderant in favor of the [plaintiff] as to permit no other rational conclusion[s]" than those proposed by plaintiff in its motion. *J.I. Case Credit Corp.,* 851 F.2d at 311.

● **Whether Defendants Owed a Fiduciary Duty to Plaintiff**

Although plaintiff presented evidence at trial showing defendants designated plaintiff as their "exclusive agent," defendants presented evidence to dilute plaintiff's showing. For example, defendants presented evidence that letters indicating plaintiff was the "exclusive agent" for the sale of defendants' aircraft were written at plaintiff's request and for the sole purpose of assisting plaintiff in its sale of the aircraft to TAME. As such, drawing all inferences in favor of defendants, the court finds there was conflicting evidence presented as to whether plaintiff was an agent of defendants. Therefore, the court finds the evidence presented at trial is not so overwhelmingly in favor of the plaintiff's proposed conclusion, as to merit judgment as a matter of law that defendants owed a fiduciary duty to plaintiff. The court denies plaintiff's motion on this basis.

● **Whether Defendants Dodson Aviation, Inc. and Dodson International Parts, Inc. are Liable for the Conduct of Defendant Robert L. Dodson, Jr.**

Plaintiff asserts that defendants "acknowledged" that the corporate defendants were "liable for the conduct of defendant, Robert L. Dodson, Jr." in a pretrial stipulation. (Pl.'s Mot. at 3). In the pretrial order entered in this case, the parties stipulated that "At all times material hereto, J.R. DODSON acted within the scope of his authority and course of employment as the president and chief executive officer of DODSON INTERNATIONAL, and his conduct was authorized or

ratified by DODSON AVIATION and DODSON INTERNATIONAL." (Pretrial Order at 15, ¶ 8). Therefore, plaintiff asserts it is entitled to judgment as a matter of law that Dodson Aviation, Inc. and Dodson International Parts, Inc. are liable for the conduct of defendant Robert L. Dodson, Jr. Plaintiff does not present legal authority to support its conclusion that, based upon the stipulation entered into by the parties, the plaintiff is entitled to a legal conclusion of liability. Defendants contested the legal effect of the stipulation at the time of plaintiff's original motion. Based on the arguments of plaintiff, the court is not convinced that "there can be but one reasonable conclusion as the proper judgment" on this issue. *Jackson,* 890 F.2d at 230. Therefore, as plaintiff has not carried its burden on this post-trial motion, the court denies plaintiff's motion on this basis.

● **Whether TAME's Election to Purchase the Dodson Jet was an Actual and Identifiable Understanding or Agreement Between Plaintiff and TAME**

█ Plaintiff asserts that the fact that TAME's election to purchase the Dodson jet was an actual and identifiable understanding or agreement between plaintiff and TAME was established at trial by the uncontroverted testimony of General Banderas. Gen. Banderas testified that TAME and Aerotech arrived at an agreement as to the terms of a sales agreement between them. Specifically, Gen. Banderas testified that "a communication [was] sent by TAME" and "afterwards or later, the communication by AeroTech accepting-accepting it, accepting the conditions."

The court finds that Gen. Banderas's testimony does not overwhelmingly establish that an agreement was reached. Sufficient evidence was presented at trial to establish that there was no existing identifiable agreement or "election to purchase" between plaintiff and TAME. Specifically,

evidence presented at trial established that plaintiff was not able to meet the conditions of the agreement, as referenced in Gen. Banderas's testimony. Therefore, it would have been reasonable for the jury to conclude no agreement was reached. The court finds plaintiff has not met its burden to warrant granting of judgment as a matter of law in its favor on this issue. Plaintiff's motion is denied on this basis.

● **Conclusion**

The court finds judgment as a matter of law in favor of plaintiff is inappropriate. Thus, although plaintiff presented evidence to support its theories, the court is not convinced that no reasonable juror, after being instructed on the elements of plaintiff's claims and the standard of proof required, and after considering all of the evidence presented at trial, could not have reached conclusions different from those asserted by plaintiff. Plaintiff's renewed motion for judgment as a matter of law (Doc. 127) is denied.

● **Plaintiff's Motion to Alter or Amend the Judgment (Doc. 129)**

Plaintiff seeks the court to alter the judgment entered in this case. Specifically, plaintiff asks the court to modify the judgment to account for prejudgment interest measured from November 23, 1998—the date of the plaintiff's loss—pursuant to Florida state law. In addition, plaintiff asks the court to modify the judgment to reflect joint and several liability by the individual and corporate defendants and to provide for an award of post-judgment interest, pursuant to 28 U.S.C. § 1961.

Because plaintiff's motion was filed within the 10 day period set for Fed.R.Civ.P. 59(e) motions, the court will evaluate plaintiff's request pursuant to Rule 59(e). *Servants of Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir.2000). To prevail, plaintiff must establish that there has been a mani-

fest error of law or fact, that new evidence has been discovered, that there has been a change in the relevant law, or that the judgment entered failed to provide the relief to which the court previously found plaintiff entitled or the relief that the law mandates. *Osterneck,* 489 U.S. at 175, 109 S.Ct. 987; *Brumark Corp.,* 57 F.3d at 948.

Here, plaintiff does not allege that the law has changed or that new evidence has become available since the court entered its order. Its arguments, therefore, require the court to determine whether reconsideration is necessary to correct any clear error, to prevent manifest injustice, or to conform the verdict to include relief mandated by law or by prior orders of this court.

● **Prejudgment Interest**

Plaintiff asserts that the judgment entered in this case should be amended to provide for an award of prejudgment interest because the jury's verdict, entered on June 4, 2001, "found that plaintiff was entitled to recover the sum of $211,500.00 from defendants for damages sustained as of November 23, 1998." The court agrees.

● **Applicable Law**

Prejudgment interest in a diversity action is a substantive matter governed by state law. *Erie R.R. v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Webco Indus., Inc. v. Thermatool Corp.,* 278 F.3d 1120, 2002 WL 64698, at *12 (10th Cir., Jan.18, 2002). Plaintiff brought this case in this Kansas federal district court based on diversity jurisdiction. Therefore, the applicable substantive law must be determined by reference to Kansas's choice of law rules. *Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Because the plaintiff's claims sound in tort, the Kansas general tort conflicts rule will determine what substantive law governs. *St. Paul Furniture Mfg. Co. v. Bergman,* 935 F.Supp. 1180, 1187 (D.Kan.1996). In *Ling v. Jan's Liquors,* 237 Kan. 629, 634, 703 P.2d 731, 735 (1985), the Kansas Supreme Court held that the law of the state where the tort occurs controls. Under this rule, the tort is deemed to have occurred where the wrong was felt. *Id.*

Because the wrong in this case is the financial harm the plaintiff suffered as a result of the defendants' conduct, the court must determine where the plaintiff felt this financial injury in order to determine where the tort is deemed to have occurred. Plaintiff is a Florida corporation located in Florida. In their proposed instructions to the jury, the parties did not appear to contest that Florida law governs the substantive issues in this case. Moreover, the court ultimately instructed the jury based upon Florida substantive law. Therefore, for the purposes of this motion and because the parties have treated Florida law as controlling, the court will apply Florida law.

● **Florida Law on Award of Prejudgment Interest**

Under Florida law, "a party is entitled to prejudgment interest on its 'out-of-pocket, pecuniary losses' once a verdict has liquidated the damages as of a date certain." *Camper & Nicholsons Int'l, Ltd. v. Manios,* 758 So.2d 716 (Fla.Dist.Ct.App. 2000) (citing *Boulis v. Fla. Dep't of Transp.,* 733 So.2d 959, 961 (Fla.1999)), *rev denied,* 780 So.2d 914 (Fla.2001). This is true in tort cases, such as that before this court. *Alvarado v. Rice,* 614 So.2d 498, 500 (Fla.1993). Here, the court finds that by awarding damages to plaintiff, the jury determined that plaintiff had lost something of monetary value. The damages awarded by the jury are not itemized on the verdict form; therefore, the court cannot conclude with certainty the origin of plaintiff's damages. However, plaintiff requested as part of its damages at closing argument, the commission or profit it lost as a result of defendants' fraudulent acts.

Therefore, the court concludes that based upon the damages requested by plaintiff during trial, the jury's award of damages was pecuniary. Thus, prejudgment interest may properly be awarded.

Once a verdict "has liquidated the damages as of a date certain, computation of prejudgment interest is merely a mathematical computation .... it is a purely ministerial duty of the trial judge or clerk of the court to add the appropriate amount of interest to the principal amount of damages awarded in the verdict." *Argonaut Ins. Co. v. May Plumbing Co.*, 474 So.2d 212, 215 (Fla.1985). Therefore, when damages are liquidated as of a specific date, the plaintiff is entitled as a matter of law to recover prejudgment interest at the statutory rate from the date of that loss. *Id.* Here, the jury determined that plaintiff "sustained ... damages as a result of defendants' actions" as of "November 23, 1998." (Verdict Form). Therefore, the court finds prejudgment interest is properly computed from November 23, 1998, to the date on which judgment was entered.

Pursuant to § 687.01 of the Florida statutes, the statutory rate in Florida is determined by § 55.03 of the Florida statutes. Fla. Stat. Ch. 687.01. Section 55.03 provides that the rate will be determined by the Comptroller of the State of Florida on December 1 of each year. Fla. Stat. Ch. 55.03. The applicable rate of interest in Florida, as established by the Florida State Comptroller for 1998, 1999, and 2000 is 10% per annum (daily rate of .0002740) and the rate of 2001 is 11% per annum (daily rate of .0003014). See Website of Florida Department of Banking and Finance, at *http://www.dbf.state.fl.us/interest.html* (specifying per Comptroller of the State of Florida statutory interest rates pursuant to § 55.03, Florida Statutes).

■ Therefore, the court finds the judgment entered in this case on June 4, 2001, should be amended to conform with Florida state law indicating plaintiff is entitled to prejudgment interest on its out-of-pocket, pecuniary losses that have been liquidated as of November 23, 1998. Accordingly, plaintiff's motion to alter or amend the judgment is granted in part, as set forth herein. The verdict form shall be amended to include an additional amount of $54,444.80 as prejudgment interest, which has been calculated as follows:

| Time Period | Days | Daily Rate × $211,500 | Amount |
| --- | --- | --- | --- |
| 11/23/98 to 12/31/98 | 39 | $57.95 (.0002740 × 211,500) | $ 2,260.05 (39 × 57.95) |
| 01/01/99 to 12/31/99 | 365 | $57.95 (.0002740 × 211,500) | $21,151.75 (365 × 57.95) |
| 01/01/00 to 12/31/00 | 365 | $57.95 (.0002740 × 211,500) | $21,151.75 (365 × 57.95) |
| 01/01/01 to 06/04/01 | 155 | $63.75 (.0003014 × 211,500) | $ 9,881.25 (154 × 63.75) |
| | | | Total Amount = $54,444.80 |

● **Addition of Joint and Several Liability Language**

■ Plaintiff seeks to amend the judgment to specify that defendants are jointly and severally liable for the damages awarded by the jury. Defendants do not appear to contest this proposed amendment, as they have not addressed it in their response.

As noted above, the parties stipulated in the pretrial order in this case that "[a]t all times material hereto, J.R. DODSON acted within the scope of his authority and course of employment as the president and chief executive officer of DODSON INTERNATIONAL, and his conduct was authorized or ratified by DODSON AVIATION and DODSON INTERNATIONAL." (Pretrial Order at 15, ¶ 8). Given

defendants' failure to object to this amendment, and considering the language of the verdict form that "plaintiff has proven by the greater weight of the evidence that defendants committed fraud by silence" and that "plaintiff has proven entitlement to damages due to the defendants' ... fraud by silence," (Verdict Form), the court finds the judgment in this case should reflect the joint and several liability of all defendants. Plaintiff's motion is granted on this basis.

● **Post-judgment Interest**

Finally, plaintiff asserts that the judgment entered in this case should be amended to provide for an award of post-judgment interest, pursuant to 28 U.S.C. § 1961. Section 1961(a) provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court.... Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1 year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). Pursuant to the Board of Governors of the Federal Reserve System, the applicable rate of interest in this case is 3.70%. See Web site of Federal Reserve Statistical Release, at *http://www.federalreserve.gov/releases/H15/data/wf/tcm1y.txt* (listing historical 1 year constant maturity Treasury yield rates).

Accordingly, the court finds the judgment in this case should reflect an award of post-judgment interest pursuant to 28 U.S.C. § 1961, at a rate of 3.70%. Plaintiff's motion is granted on this basis.

● **Plaintiff's Protective Motion for a New Trial (Doc. 131)**

Plaintiff filed a protective motion for a new trial "in anticipation of defendants' moving to overturn the jury verdict herein." (Pl.'s Mot. at 1). Plaintiff "seeks principally to sustain the jury verdict," but has filed a protective motion "in order to preserve plaintiff's position on certain issues on which the jury ruled against plaintiff." (Id.). Plaintiff appears to request action by the court to correct the asserted court errors in the trial "in the event" the court rules in favor of defendants on their motion for a new trial. (Pl.'s Rep. at 1) (emphasis added). Plaintiff does not appear to be moving independently for a new trial, based on the issues asserted in its protective motion. Accordingly, given the court's denial of defendants' request for a new trial, the court finds plaintiff's motions are moot.

● **Defendants' Motion for Judgment as a Matter of Law, Motion to Alter or Amend Judgment, Motion for Relief from Judgment and/or in the Alternative, Motion for New Trial (Doc. 133)**

Pursuant to Fed.R.Civ.P. 50(b), defendants assert entitlement to judgment as a matter of law in their favor on plaintiff's claim of fraud by silence, on the issue of plaintiff's entitlement to damages, and regarding the amount of damages. In addition, pursuant to Fed.R.Civ.P. 59(e), defendants assert the judgment against defendants on plaintiff's claim of fraud by silence should be set aside or, alternatively, should be reduced to conform to the evidence presented and to the applicable law. Alternatively, defendants assert that where the court declines to grant defendants' judgment as a matter of law or to amend the judgment pursuant to Fed.R.Civ.P. 60(b), they should be relieved from the final judgment entered against them in this case. Moreover, where the relief sought is not granted, defendants request the court, pursuant to Fed.R.Civ.P. 59(b), to grant them a new trial. As set forth below, the court denies each of defendants' requests.

● **Motion for Judgment as a Matter of law**

Pursuant to Fed.R.Civ.P. 50(b), defendants assert entitlement to judgment as a matter of law regarding plaintiff's claim of fraud by silence, plaintiff's entitlement to damages, or alternatively, regarding the amount of the damages. Specifically, defendants contend that the jury's verdict against them on plaintiff's fraud by silence claim is inconsistent with the jury's verdict on plaintiff's tortious interference, fraudulent promise of a future event, and breach of fiduciary duty claims. In addition, defendants assert that even if the verdict against them on plaintiff's fraud claim is not inconsistent, the verdict assessing damages in the amount of $211,500 is unsupported by the evidence. Finally, defendants contend that even if a damage amount is supported by the evidence, the $211,500 figure must be reduced to conform to the evidence presented.

● **Inconsistency of the Verdict**

To prevail on their claim of entitlement to judgment as a matter of law based on the inconsistency of a verdict, defendants must establish either that they objected to the verdict on this basis prior to the discharge of the jury or that the verdict is inconsistent on its face. A party's "failure to object to general jury verdicts on the ground of inconsistency before the jury is discharged constitutes waiver, unless the verdict is inconsistent on its face such that the entry of judgment upon the verdict is plain error." *Resolution Trust Corp. v. Stone*, 998 F.2d 1534, 1545 (10th Cir.1993). In contrast, where the verdict rendered is a special verdict a party "is not required to object to the inconsistency before the jury is discharged in order to preserve that issue for a subsequent motion before the district court." *Id.*

● **General verdict rendered**

Here, the court finds the verdict rendered was general, rather than specific.

Fed.R.Civ.P. 49 provides a district court with the discretion to require the jury to return either a special or general verdict. Fed.R.Civ.P. 49. A general verdict requires the jury to find for the plaintiff or for the defendant on the ultimate liability issues submitted. Rule 40(b) also provides for the return of a general verdict accompanied by answers to interrogatories that are used to guide the jury. In contrast, Rule 49(a) allows the court to "require a jury to return only a special verdict in the form of a special written finding upon each issue of fact." Fed.R.Civ.P. 49(a). With a special verdict, the jury is required to make findings of fact and the court then applies the law to those facts. Therefore, with a special verdict, it is generally unnecessary to instruct the jury on the underlying law. 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2504 (2d ed.1995).

In this case, the verdict form submitted to the jury required the jury to provide answers to general liability questions submitted by the court. For each of the four claims submitted to the jury for consideration, the verdict form asked whether the jury found that plaintiff had proven by the greater weight of the evidence that defendants engaged in the unlawful activity alleged. For example, on plaintiff's fraud by silence claim, the verdict form inquired "Do you find that plaintiff has proven by the greater weight of the evidence that defendants committed fraud by silence?" (Verdict Form). To answer these questions, the jury was required to make factual determinations and to apply the substantive law of the claim, as instructed by the court. The court thus construes the verdict form submitted to be a general verdict.

● **No inconsistency in verdict**

Because there is no evidence that defendants specifically raised an objection to the

alleged inconsistency in the general verdict before the jury was dismissed,[4] the court must determine whether "the verdict is inconsistent on its face so that entry of judgment upon the verdict is plain error." *Diamond Shamrock Corp. v. Zinke & Trumbo, Ltd.*, 791 F.2d 1416, 1424 (10th Cir.1986) (emphasis added). Here, the alleged inconsistency was between verdicts that resolved separate causes of action-fraud by silence, intentional interference, breach of fiduciary duty, and fraudulent promise of a future event. The court finds no inconsistency on the face of the verdict.

### 1) Breach of fiduciary duty

 First, defendants assert that because the jury found no breach of fiduciary duty, "defendants could not have owed a duty to disclose to plaintiffs" and therefore, defendants "can not, as a matter of law, be liable for fraud by silence." (Defs.' Mot. at 9). The court disagrees.

At trial, plaintiff claimed that a fiduciary relationship existed between the parties "because the defendants granted plaintiff the exclusive agency for selling aircraft 22290 to TAME and defendants led plaintiff to believe they would cooperate with plaintiff to effect the sale of the aircraft to TAME." (Instr.No.32). The jury could have conceivably concluded that no fiduciary duty existed between the parties because they believed no exclusive agency was granted. Accordingly, the jury would have properly found no liability for plaintiff's breach of fiduciary duty claim.

Defendants contend that the jury's finding of liability for plaintiff's fraud by silence necessarily means the jury found a fiduciary duty existed. It is true that a "defendant's knowing concealment or non-disclosure of a material fact may only support an action for fraud where there is a duty to disclose." *TransPetrol, Ltd. v. Radulovic*, 764 So.2d 878, 879 (Fla.Dist.Ct. App.2000). However, an affirmative duty to disclose exists in Florida in circumstances other than where a fiduciary duty exists. "[A]n affirmative duty to disclose exists in Florida ... if there is a fiduciary relationship between the parties or the facts are solely within the knowledge of the representor or some trick has been employed to prevent an independent investigation by the representee." *Hauben v. Harmon*, 605 F.2d 920, 924 (5th Cir.1979) (emphasis added). Furthermore, "such duty arises when one party has information that the other party has a right to know because of a fiduciary or other relation of trust or confidence between them." *State v. Mark Marks, P.A.*, 654 So.2d 1184, 1189 (Fla.Dist.Ct.App.1995), approved by 698 So.2d 533 (Fla.1997) (citation omitted). Therefore, it is not necessary for a fiduciary duty to exist for fraud by silence to occur.

Here, the jury could have found that defendants' duty to speak up about their intent regarding plaintiff's attempts to sell defendants' aircraft to TAME arose because facts about defendants' intent were "solely within the knowledge of the representor" or because defendants employed "some trick" designed "to prevent an independent investigation" of their intent by the plaintiff. *Hauben*, 605 F.2d at 924. It was not necessary for the jury to conclude a fiduciary duty existed between the par-

---

4. Defendants assert that they specifically requested the opportunity to file post-trial motions within the 10 days provided for by the Federal Rules and that this request should be sufficient to have preserved the inconsistency objection. The court disagrees. Defendants specific request placed them in no different position than if they had been silent regarding post-trial motions, as the Federal Rules allow for such filings absent a vocal request at the close of trial. Further, defendants have cited to no controlling precedent supporting their assertion.

ties. Moreover, the instructions given to the jury did not limit the liability for fraud by silence to the situation where a fiduciary relationship has been established.

Accordingly, the court finds the jury's verdict on the fraud by silence and breach of fiduciary duty claims is not inconsistent. Defendants' motion is denied on this basis.

## 2) Intentional interference

 Second, defendants assert that because the jury found "defendants did not intentionally interfere with plaintiff's business relationship with TAME," then defendants could not, as required for the fraud by silence claim, "fail to disclose a material fact, that they were intentionally interfering with plaintiff's business relationship with TAME, as a matter of law." (Defs.' Mot., at 10). The court disagrees.

As set out in the jury instructions, plaintiff asserted that defendants engaged in fraud by silence by "keeping silent as to their intent regarding the plaintiff's attempts to sell defendants' Boeing 727 to TAME." (Instr.No.10). Considering the substantive instructions provided, the jury could have found no intentional interference occurred because defendants were not motivated by "spite" or by the desire to "do injury to others, or for other bad motive." (Instr.No.17). Instead, the jury could have concluded that defendants were motivated to make a material misrepresentation to plaintiff "to advance [their] own business interests" (id.) and, therefore, concluded no intentional interference occurred.

This finding is not inconsistent with the necessary findings on the elements of fraud by silence. If the jury made these conclusions regarding the intentional interference claim, it still could have consistently concluded under the fraud by silence count that defendants made a false statement or representation concerning a material fact, that defendants knew their

representation was false or misleading, that defendants intended their representation to induce plaintiff to act, that plaintiff relied on the misrepresentation, and that plaintiff suffered damages as a result.

Accordingly, the court finds the jury's verdict on the fraud by silence and tortious interference claims is not inconsistent. Defendants' motion is denied on this basis.

## 3) Fraudulent promise of a future event

Third, defendants assert that because the jury found no fraudulent promise of a future event it must have concluded that "defendants did not fraudulently misrepresent to plaintiff that plaintiff had the exclusive agency to sell their aircraft to TAME." (Defs.' Mot. at 12). Therefore, defendants assert, where the jury made this finding, then the jury could not consistently find under the fraud by silence claim that defendants made a false or misleading representation to plaintiff. The court disagrees.

At trial, plaintiff claimed that defendants made a fraudulent promise of a future event by "fraudulently promis[ing] plaintiff that it would have the exclusive agency to negotiate and sell defendants' Boeing 727 commercial jet to TAME." (Instr.No.10). During deliberations, the jury could feasibly have determined that in September 1998, when defendants initially made representations regarding the plaintiff's attempts to sell their aircraft, no fraud was involved. The jury could have concluded that defendants did not have the requisite intent in September 1998 by finding that, as provided for in the court's instructions, defendants did not "kn[o]w the promise was false when it was made." (Instr. Nos. 20 & 22). This would be consistent with the jury's apparent conclusion that the defendants' intent changed and that defendants intended to mislead plaintiff as of November 23, 1998, regarding their in-

tent to cooperate in plaintiff's attempts to sell the aircraft, thereby engaging in fraud by silence at that time. Therefore, the court finds that the jury could feasibly have concluded that defendants did not intend to deceive plaintiff at the time they made the alleged promise in September 1998. However, the jury could then consistently have concluded that defendants' intent changed after making the alleged promise and that defendants acted on this changed intent without making additional representations in November that would qualify as fraudulent promise of a future event.

Accordingly, the court finds the jury's verdict on the fraud by silence and fraudulent promise of a future event claims is not inconsistent. Defendants' motion is denied on this basis.

### 4) Conclusion

The court finds the verdict rendered is not inconsistent on its face. Moreover, given the above analysis, even if defendant had timely objected to the alleged inconsistency, the court finds no merit in defendants' assertions. Defendants' motion is denied on this basis.

● **Judgment as a Matter of Law on $211,500 Award of Damages**

■ Defendants next assert that the jury's assessment of damages for fraud by silence in the amount of $211,500 is not supported by the evidence. To prevail on their claim, defendants must establish that "the verdict is clearly, decidedly or overwhelmingly against the weight of the evidence." *Black,* 805 F.2d at 360. Specifically, defendants contend that the award of damages for fraud by silence is improper, because no evidence supports an award of damages solely from defendants failure to disclose material information. The court disagrees.

Based on the evidence presented at trial, it would have been reasonable for the jury to conclude that had plaintiff known about defendants' intent to deal directly with TAME it could have made efforts to salvage the deal it had worked directly with TAME. Even where, as defendants assert, the plaintiff did not present specific evidence of efforts it would have made if it had known of defendants' intent at an earlier date, the jury could reasonably have inferred that plaintiff would have made a successful effort to solidify its deal with TAME or to obtain money to purchase the plane directly from defendants and resell it to TAME, and ultimately to complete the attempted sale of defendants' aircraft to TAME.

Accordingly, the court finds defendants have failed to show the jury's award of damages to plaintiff on its fraud by silence claim is "overwhelmingly against the weight of the evidence" presented at trial. *Black,* 805 F.2d at 360. Defendants' motion is denied on this basis.

● **Remittitur**

Defendants next contend that where the court finds plaintiff is entitled to damages on the fraud by silence claim, the jury's assessment of damages in the amount of $211,500 is not supported by the evidence. Therefore, defendants "request the Court enter a remittitur to reflect the true or actual amount of damages suffered by plaintiff as a result thereof." (Defs.' Mot. at 16).

Remittiturs are committed to the sound discretion of the trial court. *Royal Coll. Shop v. N. Ins. Co.,* 895 F.2d 670, 677 (10th Cir.1990). The jury "is clothed with a wide latitude and discretion in fixing damages pursuant to the court's instructions, deemed proper to fairly compensate the injured party." *Bennett v. Longacre,* 774 F.2d 1024, 1028 (10th Cir.1985). The court reviews the amount of damages awarded by the jury under the standards set forth in *Malandris v. Merrill Lynch, Pierce,*

*Fenner & Smith, Inc.,* 703 F.2d 1152 (10th Cir.1981) (en banc) (plurality opinion):

> [A]bsent an award so excessive as to shock the judicial conscience and to raise an irresistible inference that passion, prejudice, corruption or other improper cause invaded the trial, the jury's determination of the damages is considered inviolate. Such bias, prejudice or passion can be inferred from excessiveness. However, a verdict will not be set aside on this basis unless it is so plainly excessive as to suggest that it was the product of such passion or prejudice on the part of the jury.

*Id.* at 1168 (citations and footnote omitted).

Where the amount of a jury's damages award is "so excessive as to shock the judicial conscience and to raise an irresistible inference that passion, prejudice, corruption or other improper cause invaded the trial," the court must order a new trial. *Palmer v. City of Monticello,* 31 F.3d 1499, 1508 (10th Cir.1994). In such a case, a new trial is necessary because the improper cause may have invaded the liability determinations as well as the damage calculations. A verdict, however, that is excessive but is not the result of passion, prejudice, or another improper cause does not necessitate a new trial. *Mason v. Texaco, Inc.,* 948 F.2d 1546, 1560 (10th Cir.1991). When, however, the jury errs only as to its assessment of damages, the court may order a complete new trial, order a new trial limited to the issue of damages, or condition the denial of a new trial on the plaintiff's acceptance of a remittitur. *Id.*

 A measure of damages for fraudulent misrepresentation is the pecuniary loss suffered as a result of the recipient's reliance on the misrepresentation. *Steinbauer Assoc., Inc. v. Smith,* 599 So.2d 746, 748 (Fla.Dist.Ct.App.1992). Difficulty in proving damages or uncertainty as to the amount will not prevent recovery as long as it is clear that substantial damages were suffered as a result of the wrong. *R.A. Jones & Sons, Inc. v. Holman,* 470 So.2d 60, 69–70 (Fla.Dist.Ct.App.1985). The jury's "[i]nability to give the exact or precise amount of damages does not preclude recovery so long as there is a reasonable basis in the evidence for the amount awarded." *Id.* at 69–70. Therefore, the extent or amount of plaintiff's losses may be determined by a jury based upon reasonable inference. *Id.*; see also *Sharick v. S.E. Univ. of the Health Sciences, Inc.,* 780 So.2d 136, 141 (Fla.Dist.Ct.App.2000), *reh'g denied en banc,* 780 So.2d 142 (Fla. Dist.Ct.App.2001).

 Under Florida law, a defrauded plaintiff is entitled to recover damages under the "flexibility theory" which permits the court to use either the "out-of-pocket" or the "benefit-of-the-bargain" rule, based upon which will more appropriately compensate the defrauded party. *Nordyne, Inc. v. Fla. Mobile Home Supply, Inc.,* 625 So.2d 1283, 1286–87 (Fla.Dist.Ct.App. 1993).

 Here, as noted above, the court finds the jury could reasonably have inferred from the evidence presented that plaintiff would have made a successful effort to solidify its deal with TAME or to obtain money to purchase the plane directly from defendants and resell it to TAME, and ultimately complete the attempted sale of defendants' aircraft to TAME, had defendants not engaged in their fraudulent behavior. Therefore, where the jury found plaintiff would have consummated the deal but for the defendants' conduct, plaintiff is entitled to the benefit of its bargain. At trial, plaintiff showed that it anticipated profits of approximately $564,463 from the transaction, where no additional mechanical work was needed on the aircraft. Testimony at trial indicated the aircraft was in excellent condition, and

thereby not likely to need repairs. Moreover, the evidence at trial showed that defendants ultimately agreed to sell the aircraft for $5,650,000.

Plaintiff argues that the jury's award of $211,500 is reasonable under a commission analysis. Specifically, plaintiff argues that testimony at trial indicated that defendants generally pay a commission of 3% to 6% on the sale of their aircraft. Based on this testimony, plaintiff asserts it would be reasonable for the jury to conclude plaintiff was entitled to a certain percentage of the ultimate selling price of the aircraft. The $211,500 awarded is 3.74% of $5,650,000. Defendants, however, assert that the evidence at trial indicated not that plaintiff would be entitled to a commission upon the sale of the aircraft, but instead, that plaintiff was seeking a net profit amount. Moreover, defendants assert that the jury likely arrived at the $211,500 amount by reducing the plaintiff's anticipated net profit by contemplating the likelihood plaintiff would have completed the sale absent the fraudulent behavior. Specifically, defendants assert that "the jury believed that plaintiff had a fifty-fifty chance of consummating the deal." (Defs.' Rep. at 9).

The court is not persuaded by defendants' arguments and finds defendants have failed to meet their burden to show entitlement to a remittitur. The court finds there is a "reasonable basis in the evidence" for the jury's award of $211,500. *Holman,* 470 So.2d at 69–70. Despite the evidence that plaintiff anticipated a net profit of approximately $500,000 upon the sale of the aircraft, there was evidence presented regarding defendants' commission based arrangements. The jury heard all the evidence submitted in this case, and it is not for the court to state definitively the reason for the jury's damage award. There is no evidence of inappropriate behavior and the jury could have reasonably concluded based upon all the evidence presented at trial that the plaintiff would have profited $211,500 absent defendants' fraudulent behavior. The court does not find the award excessive or irrational in relation to the evidence presented at trial.

Therefore, considering all the evidence presented at trial, the court finds defendants have failed to meet their burden to show that the $211,500 amount awarded is "decidedly or overwhelmingly against the weight of the evidence." *Black,* 805 F.2d at 360. Accordingly, defendants' motion is denied on this basis.

● **Motion to Amend Judgment**

Defendants "seek the Court to alter or amend the June [4], 200[1] judgment by setting aside judgment for fraud by silence, the plaintiffs' entitlement to damages, or in the alternative, reduce the damages to conform to the evidence presented and the applicable law." (Defs.' Mot. at 5). Given the court's ruling on defendants' motion for judgment as a matter of law regarding these issues, the court finds there is no basis upon which to grant their motion to amend the judgment. Defendants' motion to amend the judgment is denied.

● **Motion for Relief from Judgment**

Alternatively, pursuant to Fed.R.Civ.P. 60(b), defendants assert that they should be relieved from the final judgment entered against them in this case. Specifically, defendants request that where the court declines to rule in their favor for judgment as a matter of law or to amend the judgment as requested, the court alternatively must "relieve defendants from the judgment in this case based upon the plaintiff's misrepresentations to the jury that they had no conversation with J.R. Dodson in mid-December 1998 and the jury's mistake as a matter of law, the complete lack of evidence supporting the

jury's damage award and/or for the purpose of ensuring substantial justice."

To prevail, defendants must establish "exceptional circumstances" are present justifying relief from judgment. Fed. R.Civ.P. 60(b). The court has substantial discretion to grant relief as justice requires under Rule 60(b). *Pelican Prod. Corp.*, 893 F.2d at 1146. However, such relief "is extraordinary and may only be granted in exceptional circumstances." *Bud Brooks Trucking, Inc.*, 909 F.2d at 1440. "A litigant shows exceptional circumstances by satisfying one or more of Rule 60(b)'s six grounds." *Van Skiver*, 952 F.2d at 1243–44.

Defendants have not provided argument or authority to address their claim for relief under Rule 60(b). Accordingly, the court finds defendants have failed to show entitlement to relief from the judgment for the asserted reasons. Defendants' motion is denied on this basis.

● **Motion for New Trial**

Finally, pursuant to Fed.R.Civ.P. 59(b), defendants request the court grant them a new trial. Specifically, defendants request that if the court declines to rule in their favor for judgment as a matter of law or to amend the judgment as requested, the court should grant defendants a new trial for the following reasons: (1) the alleged inconsistency of the jury's verdict "in light of the jury instructions;" (2) "neither the law nor the clear weight of evidence supports the jury's verdict regarding damages and a new trial is required on this issue should the plaintiff refuse to accept a remittitur;" and (3) "based upon several of the Court's rulings prior to and during trial." (Defs.' Mot. at 7–8).

Motions for a new trial are committed to the sound discretion of the trial court. *Hinds*, 988 F.2d at 1046. They are "not regarded with favor and should only be granted with great caution." *Kelley*, 929 F.2d at 586.

A new trial based upon an error of law is unwarranted unless that error affected the substantial rights of the parties. Fed. R.Civ.P. 61; *Heyen*, 731 F.Supp. at 1489. "The party seeking to set aside a jury verdict must demonstrate trial error which constitutes prejudicial error or that the verdict is not based on substantial evidence." *White*, 710 F.2d at 1443. The court should "ignore errors that do not affect the essential fairness of the trial." McDonough Power Equip., 464 U.S. at 553, 104 S.Ct. 845. Moreover, where a jury's verdict is challenged as contrary to the evidence, the court's "inquiry focuses on whether the verdict is clearly, decidedly or overwhelmingly against the weight of the evidence." *Black*, 805 F.2d at 363. In reviewing defendants' motion for a new trial, the court views the evidence in the light most favorable to the plaintiff, as the prevailing party. *Griffin*, 983 F.2d at 1546.

Although defendants have moved generally for a new trial on the three bases noted above, the argument in their motion is directed only at the court's alleged errors both prior to and during the trial. Moreover, the court's prior rulings on defendants' motion for judgment as a matter of law have generally rejected defendants two additional arguments. Accordingly, the court finds that defendants are not entitled to a new trial on bases one and two noted above, because they have not established that "the verdict is clearly, decidedly or overwhelmingly against the weight of the evidence." *Black*, 805 F.2d at 363. Therefore, the court considers defendants' motion for a new trial as moving on the bases of alleged court errors only.

● **Denial of Defendants' Motion to Amend Answer to Assert Compulsory Counterclaim**

██ Affirming the decision of the magistrate, on April 23, 2001, the court denied

defendants' motion for review of magistrate's order. In so doing, the court found the magistrate's denial of defendants' motion to amend their answer to assert compulsory counterclaims and to add third party defendants was appropriate. Defendants sought to amend their answer to assert counterclaims of fraud, breach of contract and breach of fiduciary duty. The court denied defendants' motion to amend pursuant to Fed.R.Civ.P. 13(f) and 15(a), finding undue delay in the request and undue prejudice to the plaintiff due to the necessity of additional discovery at an advanced stage of the litigation. The court specifically found the compulsory nature of defendants' counterclaims did not outweigh the untimeliness of defendants' motion or the prejudice such amendment would cause to plaintiff.

Defendants now assert such denial was error because testimony at trial indicated no additional discovery would have been necessary to establish defendants' claim. Specifically, defendant asserts that at trial "plaintiff's agents readily and unequivocally admitted that they considered themselves defendants' agents, that they did not disclose the information [regarding TAME's agreed sale price] to defendants and that they did not believe they had a duty to disclose such information [to defendants]." (Defs.' Mot. at 19). Defendants further assert that there was "no new or additional evidence presented in regards to these issues, nor was there any need for any new or additional evidence to be presented on these uncontroverted facts by plaintiff."

The court finds no error in its prior order. Despite the evidence presented at trial, defendants' arguments do not account for the considerations relied on by the court in its order. Specifically, defendants' arguments do not diminish the court's reliance on the untimeliness of the motion, nor on the consideration that plaintiff was not able to conduct discovery it would have deemed necessary to defend itself at trial against these new claims. Accordingly, the court finds amendment of defendants' answer is not necessary to prevent prejudicial error or prevent injustice. *White,* 710 F.2d at 1443 ("The party seeking to set aside a jury verdict must demonstrate trial error which constitutes prejudicial error or that the verdict is not based on substantial evidence."). Moreover, the court finds its prior order did not "affect the essential fairness of the trial." *McDonough Power Equip.,* 464 U.S. at 553, 104 S.Ct. 845. Defendants' motion is denied on this basis.

● **Jury Instruction on "Estoppel"**

■ Defendants next argue the court erred in failing to give the defendants' proposed instruction on "estoppel." Failure to submit appropriate instructions may constitute trial error. However, "[i]nstructional error requires reversal only if the error is determined to have been prejudicial, based on a review of the record as a whole." *Davoll v. Webb,* 194 F.3d 1116, 1131 (10th Cir.1999) (quotation omitted).

Federal Rule of Civil Procedure 51 requires a party "to distinctly state the matter to which [he] objects and the grounds for [his] objection before the jury retires." *Giron v. Corr. Corp. of Am.,* 191 F.3d 1281, 1288–89 (10th Cir.1999); Fed.R.Civ.P. 51 ("No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection."). Where a party has not complied with Rule 51, the court will reverse only based on an erroneous instruction under a "plain error" standard. Under this standard, a court will reverse only in "an exceptional circumstance-one where the error was 'patently plainly erroneous and prejudicial.'" *Giron,*

191 F.3d at 1289 (quoting *Aspen Highlands Skiing Corp. v. Aspen Skiing Co.*, 738 F.2d 1509, 1516 (10th Cir.1984)). Moreover, the party claiming plain error has "the heavy burden of demonstrating fundamental injustice." *Medlock v. Ortho Biotech Inc.*, 164 F.3d 545, 553 (10th Cir. 1999). However, the court notes that this is a "rarely" applied and "narrow exception" to Rule 51. *Cadena v. Pacesetter Corp.*, 224 F.3d 1203, 1212 (10th Cir.2000).

Here, defendants argue that the court's failure to give an instruction regarding the affirmative defense of estoppel constitutes reversible trial error. Specifically, defendants argue that the "law in Florida is that if an agent breaches a duty owed to its principal, the agent is not entitled to, or is estopped from, claiming any right to compensation." (Defs.' Mot. at 20). Defendants proposed the following instruction in the context of the plaintiff's breach of fiduciary duty claim:

> You are further instructed that if a broker does not report to the owner of the item being offered for sale, such as the Boeing 727 jet Serial No. 22290 in the instant case, the maximum price the prospective purchaser is willing to pay for the aircraft and instead reports an offer of a lesser amount and urges the owner to sell at the lesser amount the broker forfeits any right to compensation for his services.

In support of their proposal, defendants cited Florida cases regarding real estate brokers. *See, e.g., Carter v. Owens*, 58 Fla. 204, 50 So. 641, 641 (1909) (finding in real estate context broker who withholds information from his principal, "forfeits any claim for commissions"); *Singer v. M. Grant, Inc.*, 151 So.2d 52, 53 (Fla.Dist.Ct. App.1963) (noting when "broker reports an offer of a lesser amount and even urges a sale at a lesser amount knowing or having good reason to know that he can secure a substantially higher price, he has forfeited

his right to compensation for his services"). The court declined to include the instruction in its final jury instructions.

The court finds that although defendants proposed an "estoppel" instruction in the context of plaintiff's breach of fiduciary duty claim, no such proposal was made in the context of plaintiff's fraud by silence claim or in the context of damages for the fraud claim. Nor is there any evidence presented that defendants objected at the charge conference to the exclusion of the "estoppel" instruction in the context of either the damages instruction or the instructions on plaintiff's fraud by silence claim. As such, pursuant to Rule 51, the court finds that to show reversible trial error, defendants must establish that the court's failure to give the proposed instruction was plain error.

The court finds defendant has not established that the court's decision to exclude the proposed "estoppel" instruction was plain error. The court's decision to exclude the "estoppel" instruction in the context of plaintiff's fiduciary duty instruction was not "patently plainly erroneous and prejudicial." *Aspen Highlands*, 738 F.2d at 1516. Even where defendant was entitled to an instruction regarding estoppel in the context of plaintiff's breach of fiduciary duty claim, there has been no prejudicial effect from its exclusion. The jury awarded damages on plaintiff's fraud claim only, finding damages flowed from defendants' fraud by silence. No damages were based on plaintiff's breach of fiduciary duty claim-the claim under which the "estoppel" instruction was proposed and under which, pursuant to Florida law, defendant may have been entitled to an instruction. Therefore, even if the court had given defendants' "estoppel" instruction, it would not have affected the jury's award of damages on plaintiff's fraud by silence claim. Defendants have not, therefore, met their

"heavy burden of demonstrating fundamental injustice." *Medlock,* 164 F.3d at 553. Defendants' motion is denied on this basis.

● **Decision Not to Sustain Defendants' Objection to Jury Instructions**

Because defendants provide no additional argument asserting why the court's rulings regarding defendants' proposed jury instructions are in error, defendants' motion is denied.

● **Exclusion of Evidence Relating to Gen. Banderas's Bribe or Kickback Request**

 In its order in limine, the court excluded from the trial of this case any and all reference to an alleged bribe or bribe promise allegedly made by plaintiff in connection with TAME's proposed purchase of defendants' aircraft. In its order, the court excluded the evidence, finding it was not relevant based upon the timing of defendant Dodson's awareness of the alleged bribe as it related to the timing of the actions giving rise to plaintiff's claims in this case. The court noted, that even if the evidence were relevant, under a Fed. R.Evid. 401/403 balancing test, its probative value was substantially outweighed by the danger of unfair prejudice, of potentially confusing the issues, and of misleading the jury.

Defendants now argue such exclusion was error. Defendants argue the evidence should have been admitted, asserting it was relevant impeachment evidence, that it was not unduly prejudicial to plaintiff, and that plaintiff opened the door for the admission of the evidence based on a question posed at trial to defendant Dodson. The court disagrees and finds exclusion of the evidence was not trial error.

First, even if the excluded evidence would be appropriate for purposes of impeachment, the court finds it was properly excluded pursuant to Fed.R.Evid. 608. Rule 608(b) provides "[s]pecific instances of conduct of a witness, for the purpose of attacking or supporting the witness' credibility ... may not be proved by extrinsic evidence." Further, "it is well settled that it is not improper for the trial judge to limit impeachment evidence on matters that are deemed collateral or irrelevant." *United States v. Walker,* 930 F.2d 789, 791 (10th Cir.1991). An issue is collateral if "it could not be introduced for any reason other than contradiction." *United States v. Patterson,* 23 F.3d 1239, 1246 (7th Cir. 1994). Here, given the timing issues recognized on the record at trial, the court deemed the evidence not relevant. As such, even if the evidence were proper impeachment material, it was properly excluded as collateral to the issues to be presented to the jury.

Second, nothing presented by defendant diminishes the court's finding that the admission of the evidence would have been unduly prejudicial. The subject of the excluded evidence, though not relevant, was inflammatory and would have been likely to mislead the jury, thereby diverting their attention, and the trial, from its main focus. *Palmer,* 31 F.3d at 1507 n. 11 (noting trial judge did not abuse discretion in excluding evidence that "would have diverted the trial from its main focus").

Finally, the court finds that plaintiff did not "open the door" to the excluded evidence by inquiring of Mr. Dodson at trial whether "he could think of any reason why Banderas would lie." (Defs.' Mot. at 24). The court finds that the plaintiff's counsel's question did not, on its face, impermissibly elicit excluded evidence for the jury's hearing. Admission of evidence, particularly when a party is alleged to have "opened the door" to a particular subject matter, is within the sound discretion of the district court. See *United States v. Troutman,* 814 F.2d 1428, 1450 (10th Cir.1987) (citations omitted).

● **Exclusion of Audiotape Evidence**

 Following objection to the admission of an audio tape containing portions of a conversation between Mr. Pereza, Mr. Ruiz and Mr. J.R. Dodson, the court ruled the tape inadmissible at trial. After considering the voir dire of Mr. Dodson regarding the tape and hearing the arguments of counsel, the court concluded that although the content of the tape may be proper rebuttal evidence, the tape itself was inadmissible pursuant to Rule 37(c)(1) based on defendants' failure to previously produce the tape in response to plaintiff's request for information and on defendants' failure to supplement pursuant to Fed. R.Civ.P. 26. In addition, the court ruled the tape inadmissible based upon a lack of foundation. Significant to this decision was the fact that the conversation captured on the tape was not a complete rendition of the conversation it depicted, that the tape offered at trial was a copy of the original, and that the person who copied the tape neither offered an affidavit to verify its authenticity nor was present to testify at trial.

Defendant now asserts the court's ruling was reversible error and that the tape was admissible. Defendants assert: 1) that the tape was admissible as proper and relevant rebuttal evidence regarding the credibility of Mr. Pereza and Mr. Ruiz, who offered testimony inconsistent with the tape during trial; 2) that the partial recording on the tape goes to its weight, rather than its admissibility; and 3) that the tape was properly authenticated pursuant to Fed.R.Evid. 901(a). In reaching its evidentiary ruling at trial, the court considered the assertions now made by defendants. Therefore, nothing presented in defendants' brief nullifies the exclusion of the proffered tape as a valid exercise of the court's discretion. Defendants' motion is denied on this basis.

● **Defendants' Motion for Stay on an Execution of Judgment Pending Defendants' Motion for a New Trial and Motion to Alter or Amend Judgment and Motion for Judgment as a Matter of Law (Doc. 135)**

Defendants seek an order of the court staying execution of the June 4, 2001 judgment entered in this case against defendants in the amount of $211,500. Pursuant to Fed.R.Civ.P. 62(b), after judgment, a court has discretion to order a stay while it considers post-trial motions. The court also has discretion to establish conditions for the security of the adverse party during the pendency of the stay. Given the court's ruling on defendants' motion for a new trial and to alter or amend judgment and for judgment as a matter of law, the court finds defendants' motion to stay is moot. See *Greene v. Safeway Stores, Inc.,* 211 F.3d 1278 (10th Cir.2000) (unpublished) (rejecting argument that postjudgment interest is affected by pendency of post-trial motions and noting postjudgment interest on damages awarded by jury begins to accrue when district court entered judgment on the verdict) and citing with approval *Litwinowicz v. Weyerhaeuser Steamship Co.,* 185 F.Supp. 692, 693–94 (E.D.Pa.1960) (holding that, where judgment was entered for plaintiffs and postjudgment motions were filed, postjudgment interest ran from date of entry of the judgment, and not merely from the date of disposition of the post-trial motions).

● **Order**

IT IS THEREFORE ORDERED that plaintiff's renewed motion for judgment as a matter of law (Doc. 127) is denied.

IT IS FURTHER ORDERED that plaintiff's motion to alter or amend the judgment (Doc. 129) is granted in part. The verdict form shall be amended to include an additional amount of $54,444.80 as

prejudgment interest. In addition, the verdict form shall be amended to reflect the joint and several liability of defendants and to reflect an award of post-judgment interest pursuant to 28 U.S.C. § 1961, at a rate of 3.70%.

IT IS FURTHER ORDERED that plaintiff's protective motion for a new trial (Doc. 131) is denied as moot.

IT IS FURTHER ORDERED that defendants' motion for judgment as a matter of law, motion to alter or amend judgment, motion for relief from judgment and/or in the alternative, motion for new trial (Doc. 133) is denied.

IT IS FURTHER ORDERED that defendants' motion for stay on an execution of judgment pending defendants' motion for a new trial and motion to alter or amend a judgment and motion for judgment as a matter of law (Doc. 135) is denied as moot.

IT IS FURTHER ORDERED that the entry of judgment in this case shall be amended as specified herein, and shall incorporate the following language:

> This action came before the court for a trial by jury, the Honorable Carlos Murguia, presiding. The issues have been duly tried and the jury has duly rendered its verdict.

THEREFORE, IT IS ORDERED AND ADJUDGED that plaintiff Aerotech Resources, Inc. recover of defendants Dodson Aviation, Inc., Dodson International Parts, Inc., and Robert L. Dodson, Jr., a/k/a/ J.R. Dodson, jointly and severally, the sum of $265,944.80, with interest thereon at the rate of 3.70 percent as provided by law.

IT IS SO ORDERED.